[Sac. No. 2427.   In Bank.—March 23, 1916.]

## SACRAMENTO AND SAN JOAQUIN DRAINAGE DISTRICT, Petitioner, v. E. N. RECTOR, Judge of the Superior Court of Merced County, Respondent.

JUDGES—DISQUALIFICATION IN ACTIONS AFFECTING REAL PROPERTY OF RECLAMATION DISTRICTS—CONSTITUTIONAL LAW—VENUE—SPECIAL LAW.—Subdivision 5 of section 170 of the Code of Civil Procedure, as amended in 1915, disqualifying the judge of the superior court from sitting or acting in actions or proceedings by or against the reclamation board of the state of California, or any reclamation, levee, swamp-land or drainage district, or any public agency, or trustee, officer, or employee thereof, affecting or relating to any real property or any easement or right of way, levee, embankment, canal, or any work provided for or approved by the reclamation board, when such properties or work are situated in the county in which he is the judge, and providing for the appointment of another judge to sit therein by the Governor, is not a special law as to venue, and hence violative of the constitutional prohibition, as it contains a further express provision that nothing contained therein "shall affect a party's right to a change of the place of trial in the cases provided for in title IV, part 2, of this code."

ID.—REGULATION OF COURT PRACTICE—CLASSIFICATION OF PUBLIC AGENCIES.—The failure of the amendment to disqualify judges from hearing causes involving properties in their respective counties belonging to irrigation districts, sanitary districts, protection districts, water districts, lighting districts, storm-water districts, and other public agencies, does not render the act a special law "regulating the practice in courts of justice," and thus within the inhibition of the constitution. The greater magnitude, in an engineering sense, of the ordinary operations of the included districts, is a justification of the classification made by the statute.

ID.—BASIS OF VALID CLASSIFICATION.—While it is the rule that any classification of the sort attempted by such statute must be founded upon some good reason, and may not rest upon the arbitrary will of the legislature, it is also true that if good ground for the classification exists, such classification is not void because it does not embrace within it every other class which might be included.

ID.—ARBITRARY SELECTION OF CLASS.—Such act does not violate the prohibitions of article IV of the constitution, in imposing peculiar restrictions and disabilities upon a class arbitrarily selected.

ID.—REASONABLENESS OF STATUTE—INAPPLICABILITY TO PERSONAL ACTIONS.—As actions relating to real property, easements, rights of way and the like, will always be by far the most important in the

CLXXII Cal.—25

litigation of reclamation and other similar districts, there is no valid objection to the reasonableness of the act based upon the fact that it does not apply to the trial of actions involving personal property and personal obligations.

ID.—WAIVER OF DISQUALIFICATION OF JUDGE.—Nor is the statute invalid because it permits the parties to an action to waive the disqualification of the judge of the county wherein the subject matter of the suit lies. Any such statutory disqualification may be waived by the parties in whose favor it would ordinarily be invoked.

ID.—STATUTE NOT AMBIGUOUS.—The statute is not ambiguous. The phrase "provided for or approved by the reclamation board of the state of California" does not qualify all of the words including and following the words "real property." It limits only the word "work."

ID.—APPLICABILITY TO BUT ONE DISTRICT.—The statute would not be invalid because but one district measures up to its terms.

APPLICATION for a Writ of Prohibition directed to E, N. Rector, Judge of the Superior Court of Merced County.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, and C. H. Oatman, for Petitioner.

Edward F. Treadwell, Ostrander, Tuttle, Griffin & Shaffer, Brickley & Schino, Edward Brickmore, and F. W. Henderson, for Respondent.

MELVIN, J.—The Sacramento and San Joaquin Drainage District petitioned this court for a writ of prohibition to prevent the judge of the superior court of the state of California, in and for the county of Merced, from proceeding to hear and act upon a demurrer in a case pending in said county in which the petitioner is defendant and Miller and Lux, a corporation, is plaintiff. It appears from the affidavit of one of the attorneys for petitioner that the action in question involves the validity of a certain assessment made by petitioner, and affecting real property of said Miller and Lux in Merced County. It is also shown that the said judge of the said superior court has refused to ask the Governor of the state of California to designate and request some other judge of the superior court of the state of California to try said cause. The refusal was based upon the ground that the statute, under which peti-

tioner asserts the judge's disqualification to preside in the proceedings connected with the case, is unconstitutional.

Upon the filing of the petition an alternative writ of prohibition issued from this court and the matter was duly heard. We are now to determine whether the temporary writ shall be dismissed or made permanent.

The statute involved in this application is subdivision 5 of section 170 of the Code of Civil Procedure as amended in 1915. (Stats. 1915, p. 531.)   It is as follows:

"In an action or proceeding brought in the superior court or justices' court by or against the reclamation board of the State of California, or any reclamation, levee, swamp land or drainage district, or any public agency, or trustee, officer or employee thereof, affecting or relating to any real property or any easement or right of way, levee, embankment, canal, or any work provided for or approved by the reclamation board of the State of California, the judge of the superior court of the county, or justice of the peace of the township in which such real property, or any part thereof, or such easement or right of way, levee, embankment, canal or work, or any part thereof, is situated, shall be disqualified to sit or act, and such action, if brought in the superior court, shall be heard and tried by some other judge of the superior court requested to sit therein by the governor, or if brought in the justices' court, by some other justice of the peace requested to sit therein by the governor; unless the parties to the action shall sign and file in the action or proceeding a stipulation in writing, waiving the disqualification in this subdivision of this section provided, in which case such judge or justice of the peace may proceed with the trial or hearing with the same legal effect as if no such legal disqualification existed.   If, however, the parties to the action shall sign and file a stipulation agreeing upon some other judge of the superior court or justice of the peace to sit or act in place of the judge or justice disqualified under the provisions of this subdivision, the judge or justice agreed upon shall be designated by the governor to sit in the action; *provided*, that nothing herein contained shall be construed as preventing the judge of the superior court of such county from issuing a temporary injunction or restraining order, which shall, if granted, remain in force until vacated or modified by the judge designated by the governor as herein provided.

"Nothing in this section contained shall affect a party's right to a change of the place of trial in the cases provided for in title IV, part 2 of this code."

Respondent attacks the statute upon a number of grounds, the first and most important of which is that it is a special law as to venue and relating to practice in courts of justice and in violation (say counsel for respondent) of subdivisions 3 and. 4 of section 25 of article IV of the constitution of California.

The assertion that it relates to venue is based upon the provision of section 397 of the Code of Civil Procedure permitting the place of trial to be changed "when from any cause there is no judge of the court qualified to act." But the section here under review by its very terms provides that nothing therein contained "shall affect a party's right to a change of the place of trial in the cases provided for in title IV, part 2" of the Code of Civil Procedure. Section 397 of the Code of Civil Procedure, is one of the very sections contained in said title IV, part 2. Section 397 of the Code of Civil Procedure, is not made a part of, but is in terms excluded from the operation of the statute here under attack, and therefore there is no force in the contention that the new section has imported into it something relating to the venue of actions.

Considering the section as one "regulating the practice in courts of justice," and hence as one coming under the constitutional mandate that the legislature "shall not pass local or special laws" on that subject, we are met by respondent's objection that the classification of causes which may not be heard by judges of counties in which the subject matter of the litigation exists is not founded upon any natural, intrinsic, or constitutional distinction. And in the development of this objection it is specified by respondent that the act applies only to part of a class, in that judges are not disqualified from hearing causes involving properties in their respective counties belonging to irrigation districts, sanitary districts, protection districts, water districts, lighting districts, storm-water districts, and other public agencies. The rule undoubtedly is that any classification of the sort attempted in this statute must be founded upon some good reason and may not rest in the arbitrary will of the legislature, but it is also true that if good ground for the classification exists such classification is not void because it does not embrace within it every other class which might be included. (*Ex parte Martin,* 157 Cal.

51, 57, [26 L. R. A. (N. S.) 242, 106 Pac. 235].; *Matter of Application of Miller,* 162 Cal. 698, [124 Pac. 427], and cases there cited; *Cohen* v. *City of Alameda,* 168 Cal. 266, [142 Pac. 885].) But it will be observed that the kinds of districts mentioned in the subdivision with which we are now concerned are those in which, generally, indeed, almost invariably, the improvements must be of an extensive physical nature, involving the condemnation of land, the erection of embankments, the cutting of canals and the like, while omitted districts of the sort specified in respondent's objection do not, as a rule, involve operations so vast in an engineering sense. Therefore we do not consider the omission of other districts from the enumeration in the statute fatal to its constitutionality.

Let us then examine it with a view to determining whether or not it imposes peculiar restrictions and disabilities upon a class arbitrarily selected. Reclamation, levee, swamp-land, and drainage districts have a similarity of purpose which is most obvious—each has for one of its principal objects the keeping of surplus water from some definite area. Actions involving real property subject to assessment in such districts may be treated by the legislature as a distinctive sort of actions and regulated accordingly. The district which is here by its proper officers the petitioner, has been declared by the legislature to be of peculiar importance because the state and the people "have a primary and supreme interest in having erected, maintained and protected on the banks of the Sacramento and San Joaquin rivers and their tributaries . . . good and sufficient levees . . . adequately protecting the lands overflowed or subject to overflow by said streams." (Stats. 1915, p. 1340.) Recognizing the distinctive characteristics of reclamation districts this court, before the repeal of section 3493½ of the Political Code, upheld as constitutional the provisions of that statute designed to test the legal perfection of an assessment before action was brought to enforce it. This peculiar proceeding was admittedly invented to obviate certain difficulties and delays. (*Lower Kings River Reclamation Dist. No. 531* v. *McCullah,* 124 Cal. 176, [56 Pac. 887]; *Reclamation Dist. No. 551* v. *Van Loben Sels,* 117 Cal. 165, [49 Pac. 131].) Indeed it has been frequently held that distinct classes of business, occupation, etc., may be regulated by legislation peculiarly appropriate to them without violation

of article IV of the constitution. This rule is supported by such authorities as *People* v. *Superior Court,* 100 Cal. 120, [34 Pac. 492] ; *Ex parte Lichtenstein,* 67 Cal. 359, [56 Am. Rep. 713, 7 Pac. 728] ; *Matter of Miller,* 162 Cal. 698, [124 Pac. 427] ; *Ruperich* v. *Baehr,* 142 Cal. 195, [75 Pac. 782] ; *Ex parte King,* 157 Cal. 161, [106 Pac. 578] ; *Matter of Burke,* 160 Cal. 303, [116 Pac. 755] ; *Deyoe* v. *Superior Court,* 140 Cal. 478, [98 Am. St. Rep. 73, 74 Pac. 28], and *Title etc. Restoration Co.* v. *Kerrigan,* 150 Cal. 321, [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356].

The legislature in enacting this amendment to section 170 of the Code of Civil Procedure was justified in making a class of the corporations mentioned therein, and in providing for the disqualification of the judges in counties where litigation might arise regarding the real property of such districts. As we have had occasion to state, earlier in this opinion, usually the improvements in these districts are of an extensive nature. Frequently they are located in more than one county. The interests of some of the people of one county may perhaps be opposed to those of other persons in another county within the district, as, for example, when the residents of a district within one county are opposing what may seem to them an extravagant plan to be executed in another county, but for which the contestants are liable to assessment. In such an event, it may happen that those who are to be paid for the land and for the labor involved in making the contemplated improvements may be deeply interested in upholding the action of the governing body of the district, while their neighbors in another county may be bitterly opposed to the assessment of their lands for the contemplated purposes. The act now before us was obviously designed to remove judges from all possible influences of a local character, and to give to the Governor of the state the power of calling a judge free from all bias. We cannot nullify such a law unless we can say that there has been a palpable abuse of discretion by the legislature. That such abuse characterized the legislature in passing this law does not appear.

As actions relating to real property, easements, rights of way and the like will always be by far the most important in the litigation of reclamation and other similar districts, there is no valid objection to the reasonableness of this statute based

upon the fact that it does not apply to the trial of actions involving personal property and personal obligations.

Nor is there any force to the objection that this statute is invalid because it permits the parties to an action to waive the disqualification of the judge of the court of the county wherein the subject matter of the suit lies. Any statutory disqualification of this sort may be waived by the parties in whose favor it would ordinarily be invoked, and, indeed, subdivision 2 of section 170 of the Code of Civil Procedure, has for years provided for a waiver of the disqualification of a judge related within the third degree to one of the litigants.

We find no ambiguity in the section. The expression, "provided for or approved by the reclamation board of the state of California," does not qualify all of the words including and following the words "real property." It limits only the word "work." It is argued that since the reclamation board only has authority to approve work of other districts which are overflowed from the Sacramento or San Joaquin Rivers (Stats. 1913, p. 252; Stats. 1915, p. 1338) it must follow that the act, in large part at least, applies only to the district which is here the petitioner. If that were so, and conceding it to be so for the purposes of this proceeding, the act would not be invalid because but one district measures up to its terms. (*Matter of Burke,* 160 Cal. 303, [116 Pac. 755].)

No other matters discussed in the briefs require analysis.

Let the writ be made peremptory.

Shaw, J., Henshaw, J., Sloss, J., Lawlor, J., Lorigan, J., and Angellotti, C. J., concurred.