[Civ. No. 4613. Second Appellate District, Division One.—November 23, 1923.]

ARTHUR TOCQUE, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

[1] DISQUALIFICATION OF JUDGES—ACTION BY OR AGAINST CITY—CONSTRUCTION OF CODE.—A city, being a municipal corporation of general powers and not an agency organized for a special purpose similar to any of those mentioned in subdivision 5 of section 170 of the Code of Civil Procedure, relating to the disqualification of judges, is not included therein; and a judge of the superior court of the county in which such city is located is not thereby disqualified in an action by or against such city, notwithstanding the action may affect or relate to real property.

APPLICATION for a Writ of Prohibition to prevent judges of the Superior Court of San Diego County from sitting or acting in an action pending therein. Petition denied.

The facts are stated in the opinion of the court.

Crouch & Sanders, Sloane & Sloane and F. G. Blood for Petitioner.

S. J. Higgins, City Attorney, and Arthur F. H. Wright, Deputy City Attorney, for Respondents.

Judge who is resident or taxpayer in municipality which is party to proceedings before him as disqualified, note, 6 **Ann. Cas.** 406.

CONREY, P. J.,—Petition for writ of prohibition.

It appears that there is pending in the superior court of the county of San Diego an action wherein Arthur Tocque is plaintiff and the city of San Diego and certain of its officers are defendants. In that action plaintiff questions the validity of certain proceedings for the consolidation of the city of San Diego with the city of East San Diego, and seeks to obtain an injunction to restrain and prevent the city of San Diego and its officers from performing certain acts necessary to complete the consolidation proceedings, and from in any manner assuming jurisdiction over the city of East San Diego or hindering or obstructing the present constituted officers and employees of the city of East San Diego in the discharge of their respective functions. It is alleged in the complaint in that action that the consolidation election in the city of East San Diego and the consolidation election in the city of San Diego were illegal and defective for various reasons, one of which was that at the time when the board of trustees of the city of East San Diego adopted its ordinance calling the election, the petition on which said ordinance was founded did not contain the names of one-fourth of the registered voters of said city of East San Diego. It was further alleged in said complaint that by reason of various facts alleged the city of East San Diego and the plaintiff and other residents or citizens thereof will lose their property and property rights by reason of the threatened acts of the defendants.

[1] The object of the present proceeding is to prohibit each and all of the judges of the superior court of the county of San Diego from sitting or acting in said action pending therein, and it is claimed that each and all of said judges are disqualified under the provisions of subdivisions 1 and 5 of section 170 of the Code of Civil Procedure. Respondents have demurred to the petition on the ground that it does not state facts sufficient to constitute a cause of action or to entitle the petitioner to any relief.

No facts are alleged which would disqualify a judge of that court under subdivision 1. It is not made to appear that either of them is a party to or interested in said action.

Subdivision 5 of said section 170 reads as follows: "In an action or proceeding brought in the superior court or justices' court by or against the reclamation board of the State

of California, or any reclamation, levee, swamp land or drainage district, or any public agency, or trustee, officer or employee thereof, affecting or relating to any real property or an easement or right of way, levee, embankment, canal, or any work provided for or approved by the reclamation board of the State of California, the judge of the superior court of the county, or justice of the peace of the township in which such real property, or any part thereof, or such easement or right of way, levee, embankment, canal or work, or any part thereof is situated shall be disqualified to sit or act, and such action, if brought in the superior court, shall be heard and tried by some other judge of the superior court requested to sit therein by the governor, or if brought in the justices' court, by some other justice of the peace requested to sit therein by the governor; unless the parties to the action shall sign and file in the action or proceeding a stipulation in writing, waiving the disqualification in this subdivision of this section provided, in which case such judge or justice of the peace may proceed with the trial or hearing with the same legal effect as if no such legal disqualification existed. If, however, the parties to the action shall sign and file a stipulation agreeing upon some other judge of the superior court or justice of the peace to sit or act in place of the judge or justice disqualified under the provisions of this subdivision, the judge or justice agreed upon shall be called by the judge or justice of the peace so disqualified to hear and try such action or proceeding; provided, that nothing herein contained shall be construed as preventing the judge of the superior court of such county from issuing a temporary injunction or restraining order, which shall, if granted, remain in force until vacated or modified by the judge designated by the governor as herein provided."

It is evident that the disqualification relied upon by petitioner does not exist unless the clause "or any public agency," near the beginning of subdivision 5, was intended to include a city as a public agency within the meaning of said subdivision. We are of the opinion that a city, being a municipal corporation of general powers and not an agency organized for a special purpose similar to any of those mentioned in the subdivision, is not included therein; and that a judge of the superior court of the county in which

such city is located is not thereby disqualified in an action by or against such city, notwithstanding that the action may affect or relate to real property. While this question has not been directly decided, the conclusion at which we have arrived has been indicated by the supreme court in *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056]. At page 335 of 182 Cal. [187 Pac. 1064], referring to subdivision 5 of section 170 of the Code of Civil Procedure, the court held that irrigation districts are included within the meaning of the phrase "or any public agency," although they are not specifically mentioned. The court said: "They are public agencies of the same character as those particularly named, and they are organized for the same general purposes to accomplish similar objects. There is no essential difference in these respects between an irrigation district and a reclamation district or a swamp-land or drainage district. The latter are organized to reclaim land by draining off the surplus water. Irrigation districts are organized to reclaim land by supplying water thereto. In the desert land regions the word 'reclamation' is in common use to indicate the bringing of water on the land for the irrigation thereof. If we apply the *ejusdem generis* rule of interpretation as is proper in such cases, we must hold that the above phrase was intended to include irrigation districts, although it may not include public corporations in general."

We do not think that the said phrase was intended to include cities and other public corporations in general. If such had been the intention, it would not have been necessary with such particular care to limit and define the particular kinds of public agencies, boards, or districts to which the subdivision was intended to refer. In the principal case wherein the validity of said subdivision 5 was sustained, it was evidently understood by the supreme court that the legislature made a separate class of the corporations mentioned in the subdivision, and it was held that for the reasons there stated by the court there was sufficient justification for the legislation whereby that classification was made. (*Sacramento etc. Drainage Dist.* v. *Rector,* 172 Cal. 385 [156 Pac. 506].)

The petition for a writ of prohibition is denied.

Houser, J., and Curtis, J., concurred.