[S. F. No. 11219. In Bank.—December 17, 1924.]

THE CITY OF SAN DIEGO (a Municipal Corporation), Petitioner, v. C. N. ANDREWS, Judge of the Superior Court, etc., Respondent.

[1] MANDAMUS — DISQUALIFICATION OF JUDGES — WATERS AND WATER RIGHTS—QUIETING TITLE—PROPRIETY OF INTERVENTIONS.—The propriety of orders allowing certain parties to file complaints in intervention in an action brought by a municipal corporation to quiet title to the waters of a river will not be inquired into in a proceeding in *mandamus* to compel the respondent as judge of the superior court, to proceed with a hearing and determination of a demurrer to an amended answer and amended cross-complaint, objection having been interposed, under section 170 of the Code of Civil Procedure, by one of the interveners, an irrigation district, to any judge of the county sitting or acting in the case, and demand for change of place of trial having been made, under section 394 of the Code of Civil Procedure, by another intervener, a citizen and taxpayer of another municipal corporation.

[2] WATERS AND WATER RIGHTS—QUIETING TITLE—PARTIES—INTERVENERS—IRRIGATION DISTRICTS.—In a suit by a municipal corporation to quiet title to the waters of a certain river, where in an order granting leave to intervene it was determined that the interveners had an interest in the matter in litigation and in the success of the defendants and against the plaintiff, under section 387 of the Code of Civil Procedure, after the intervention, the interveners became parties to the action interested with the defendants in resisting the claims of the plaintiff and entitled to avail themselves of all the procedure and remedies to which the defendant would be entitled for the purpose of defending the action or resisting the claim of the plaintiff; and an intervener which is

---

1. See 18 R. C. L. 315; 20 Cal. Jur. 531.
2. See 20 R. C. L. 692; 20 Cal. Jur. 526.

an irrigation district had the right to interpose an objection to any judge of the county sitting or acting in the case.

[3] ID.—DISQUALIFICATION OF JUDGES—PUBLIC AGENCIES—IRRIGATION DISTRICTS—SECTION 170 OF THE CODE OF CIVIL PROCEDURE.—An irrigation district is one of the "public agencies," contemplated by subdivision 5 of section 170 of the Code of Civil Procedure, which has the right to object to the judge of a certain county sitting or acting in a case to which it is a party, affecting or relating to real property situated in that county.

[4] ID.—STIPULATION WAIVING DISQUALIFICATION—RIGHTS OF INTERVENER.—An irrigation district which has intervened in an action brought by a municipal corporation to quiet title to the waters of a certain river is not bound by a stipulation previously entered into by the original parties waiving the disqualification of a judge to sit and act in the case, and it may object to the judge under subdivision 5 of section 170 of the Code of Civil Procedure.

[5] MANDAMUS—REFUSAL OF JUDGE TO ACT—REMEDY.—A judge of the superior court may be compelled by a writ of mandate to proceed with the trial of either an issue of law or fact in an action rightly pending in his court when he refuses without legal reason so to do; but if legal justification for his refusal to act as the petitioner demands is disclosed *mandamus* will not lie, and a statutory disqualification constitutes such legal justification.

[6] ID.—PARTIES—BENEFICIAL INTEREST.—A party making an application for a writ of mandate to compel a judge to proceed with a case must be beneficially interested in the result; there must be a legal right to be enforced or protected by the petitioner as well as a legal duty to be performed by the judge in order that the writ may be available.

[7] ID.—TRIAL BY PARTICULAR JUDGE.—A party litigant has no legal right to have his cause tried by any particular judge, and therefore he has no legal right to compel a particular judge to try the case.

[8] ID.—REMEDIES.—Under section 1086 of the Code of Civil Procedure the writ of mandate will issue only when there is not a plain, speedy, and adequate remedy in the ordinary course of law; and where, after it has been held that all of the judges of the superior court for a certain county in which a suit is pending

3. See 15 R. C. L. 539; 14 Cal. Jur. 828.

5. Right to *mandamus* to compel performance of duty by court or magistrate, notes, 9 Ann. Cas. 1074; Ann. Cas. 1912A, 1118. See, also, 18 R. C. L. 117.

6. See 18 R. C. L. 327; 16 Cal. Jur. 853.

8. When writ of *mandamus* allowable, note, 89 Am. Dec. 728. See, also, 18 R. C. L. 136; 16 Cal. Jur. 784–788.

are disqualified from sitting or acting therein, the clerk is or-
dered to certify the action of the court to the Governor to the
end that a judge of another county may be secured, this is
an appropriate and adequate order, and is the only remedy that
the petitioner is entitled to.

(1) 38 **C. J.**, p. 953, sec. 686.    (2) 33 **C. J.**, p. 1013, sec. 179.    (3)
33 **C. J.**, p. 1013, sec. 179.    (4) 33 **C. J.**, p. 1019, sec. 196.    (5) 38
**C. J.**, p. 609, sec. 86, p. 613, sec. 92.    (6) 38 **C. J.**, p. 613, secs. 91,
92, p. 615, sec. 98.    (7) 38 **C. J.**, p. 609, sec. 86.    (8) 38 **C. J.**,
p. 661, sec. 204.

PROCEEDING in Mandamus to compel respondent as a
judge of the Superior Court to proceed to hear and deter-
mine a demurrer.    Writ denied.

The facts are stated in the opinion of the court.

S. J. Higgins, City Attorney, A. F. H. Wright, Assistant
City Attorney, and Hunsaker, Britt & Cosgrove for Peti-
tioner.

Sweet, Stearns & Forward, Flint & MacKay, Arthur R.
Smiley and Crouch & Sanders for Respondent.

SHENK, J.—The petitioner seeks a writ of mandate to
compel the respondent, as judge of the superior court in
and for the county of San Diego, to proceed with a hearing
and determination of a demurrer to an amended answer and
amended cross-complaint in an action pending in said court.
The matter is submitted on a general demurrer to the
petition.

On the fifth day of March, 1923, the petitioner commenced
an action in the superior court of San Diego County entitled:
"The City of San Diego, a Municipal Corporation, Plaintiff,
v. Cuyamaca Water Company, a Corporation, The Cuyamaca
Water Company, a Copartnership, Ed Fletcher and William
G. Henshaw, as Surviving Partners of The Cuyamaca Water
Company, a Copartnership, W. S. K. Brown, Executor of
the Last Will of James A. Murray, Deceased, Ed Fletcher
and William G. Henshaw, Defendants." The purpose of
that action was and is to quiet the title of the plaintiff as
the successor of the Mexican Pueblo of San Diego to its
alleged prior and paramount right to the use of all of the

waters of the San Diego River and its tributaries, including the surface and surface flow, from the source to the mouth thereof, so far as the same may be reasonably necessary to meet the demands of the petitioner and its inhabitants for municipal, domestic and irrigation uses. On April 19, 1923, the parties to said action signed and filed a written stipulation that they would raise no objection to the respondent, or to the Honorable W. P. Cary, another judge of said court, sitting or acting as judges in said action upon the ground that they were disqualified from so sitting or acting by the provisions of subdivision 5 of section 170 of the Code of Civil Procedure.

On the seventh day of May, 1923, the respondent entered an order permitting the city of El Cajon, a municipal corporation in said county, to file in said action a complaint in intervention wherein that city, on behalf of its inhabitants, is asserting the right to the continued use of a portion of the waters of the San Diego River and adversely to the claims of the city of San Diego.

On the eighteenth day of June, 1924, one Carrol H. Smith served and filed a notice of motion for leave to intervene in said action. Leave was granted and Smith filed his complaint in intervention wherein, as a resident, citizen, and taxpayer of the city of La Mesa, a municipal corporation in said county, he seeks to preserve the rights of said city and of himself, as an inhabitant thereof, in and to said waters, adversely to the claims of the plaintiff. Smith has also served and filed a notice of motion and demand for change of place of trial pursuant to section 394 of the Code of Civil Procedure and said notice and demand are still pending.

Also under date of June 18, 1924, one of the judges of the said court, other than the respondent, by written order granted to the La Mesa, Lemon Grove and Spring Valley Irrigation District leave to file a complaint in intervention in said action. In this complaint it is alleged, among other things, that the La Mesa, Lemon Grove and Spring Valley Irrigation District is an irrigation district, corporation, and public agency organized under the laws of this state for the purpose of impounding the waters of the San Diego River and distributing the same for irrigation and domestic purposes to the inhabitants of said district and is situated in the county of San Diego, but outside of the limits of the

city of San Diego; that the Cuyamaca Water Company is a public utility organized for the purpose of appropriating, diverting, and taking waters from the San Diego River and distributing the same for irrigation and domestic use, both public and private, within the city of San Diego; that the Cuyamaca Water Company has for more than forty years furnished water to said irrigation district and to the inhabitants thereof for domestic and irrigation uses; that the irrigation district has acquired certain rights and interests in and to a portion of the waters of the San Diego River and asserts the same adversely to the claims of the plaintiff; that on the fifth day of April, 1924, the irrigation district secured an option from the Cuyamaca Water Company to purchase from the water company its water system on said river and has employed engineers for the purpose of preparing surveys and data incident to the purchase of the property of the water company and that the irrigation district has at great expense acquired valuable property and water rights along the said San Diego River. The irrigation district denies the alleged claims of the city of San Diego and prays that it be adjudged to be the owner of the absolute and paramount right to so much of the water of said river as will meet its requirements.

On the nineteenth day of June, 1924, the irrigation district filed written objection to any judge of the superior court of San Diego County sitting or acting as judge in said cause on the ground that under subdivision 5 of section 170 of the Code of Civil Procedure all of the judges of said court are disqualified from acting or sitting as judge in the hearing or determination of any question of law or fact in said action. Accompanying the written objection was an affidavit showing the irrigation district to be one of the public agencies contemplated by subdivision 5 of said section 170.

To the original complaint in said action the defendants interposed demurrers which were sustained. To an amended complaint filed in due course the defendants filed an answer and cross-complaint. Following an order sustaining a demurrer thereto the defendants filed an amended answer and an amended cross-complaint to which the plaintiff interposed a demurrer and moved the court to hear and determine the same.

On the twenty-fifth day of June, 1924, following argument upon the objection to the qualifications of all of the judges of said court to sit or act in said cause, the respondent judge made and entered an order to the effect that a proper case had been presented showing that the respondent and all other judges of the superior court of said county were disqualified to proceed further in said action and directed the clerk to certify the action of the court to the Governor to the end that a judge other than a judge of the superior court of San Diego County might be secured to hear and determine the issues in said action. The demurrer to the defendant's amended answer and amended cross-complaint is still pending and the respondent, has refused to pass upon the same for the sole reason that he has decided that he is disqualified to act thereon. At the request of the plaintiff city of San Diego, the clerk was instructed by the court to delay the request to the Governor so that the plaintiff might have the opportunity to prosecute this proceeding.

[1] The propriety of the orders of the trial court granting leave to the city of El Cajon, Carrol H. Smith, and the La Mesa, Lemon Grove and Spring Valley Irrigation District to file complaints in intervention will not be inquired into in a proceeding in *mandamus* (*People* v. *Sexton*, 37 Cal. 532, cited in *Cahill* v. *Superior Court*, 145 Cal. 42 [78 Pac. 467]; 16 Cal. Jur. 822). Counsel for petitioner state that they do not make this application "for the direct purpose of having reviewed the order upon the petitions to intervene," thus conceding, and correctly so, that those orders may not be reviewed herein, but it is suggested that the complaint in intervention should be scrutinized to the end that this court may discover how the plaintiff may be inconvenienced in the event that the complaints in intervention be permitted to stand and the interveners seek to avail themselves of their legal rights in the further conduct of the case in the superior court. It is insisted that if the petitioner be denied the relief sought herein the judge to be sent by the Governor to San Diego County to try the pending action will upon his arrival be compelled at once to pass upon the demand of the intervener Carrol H. Smith for a change of place of trial under section 394 of the Code of Civil Procedure, and if the demand be granted, the petitioner will be compelled to suffer the inconvenience of trying said cause in some

county other than the county of San Diego. But if the intervener Smith be properly before the court and be entitled to a change of place of trial, we fail to discover what difference it would make whether the petition herein be granted and the respondent judge order the change of place of trial or the petition be denied and a judge from without make the order. In either event the resultant alleged inconvenience would be the same. Although the sufficiency in law of the complaints in intervention is not passed upon in this proceeding, the claims of the several interveners have been adverted to as hereinbefore noted so that the relationship of the parties may be disclosed. In this respect it may be said that it appears beyond dispute that the interveners have made common cause with the defendants in said action, and are not only denying and contesting the asserted rights of the plaintiff, but the intervener Smith and the irrigation district are seeking affirmative relief against the plaintiff as to the subject matter of the action. Whether they or any of them prevail is beside the question. [2] In the order of the trial court granting leave to intervene it was determined that the interveners had an interest in the matter in litigation and in the success of the defendants and against the plaintiff. Under section 387 of the Code of Civil Procedure, after the intervention had taken place, they became parties to the action, interested with the defendants "in resisting the claims of the plaintiff" and as such parties "they are entitled to avail themselves of all the procedure and remedies to which the defendant would be entitled for the purpose of defeating the action, or resisting the claim of the plaintiff" (*People* v. *Perris Irr. Dist.*, 132 Cal. 289 [64 Pac. 399, 773]; *Boskowitz* v. *Thompson*, 144 Cal. 724 [78 Pac. 290]; *Townsend* v. *Driver*, 5 Cal. App. 580 [90 Pac. 1070]). The La Mesa, Lemon Grove and Spring Valley Irrigation District, when leave to intervene was granted, was, therefore, in legal effect, a party defendant in said action and as such had the right to interpose the objection to the respondent sitting or acting in the case.

Subdivision 5 of section 170 of the Code of Civil Procedure provides that in any action brought in the superior court by or against any reclamation board of the state of California or any reclamation, levee, swamp-land, or drainage district, "or any public agency" affecting or relating to any

real property, etc., the judge of the superior court of the county in which such real property is situated shall be disqualified to sit or act, and such action shall be heard and tried by some other judge of the superior court requested to sit therein by the Governor, unless the parties to the action shall sign and file a stipulation in writing waiving such disqualification. **[3]** An irrigation district is one of the ''public agencies'' contemplated by the code section referred to (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1058]). **[4]** It is conceded that the La Mesa, Lemon Grove and Spring Valley Irrigation District is such a district and it is conceded that the district has not signed or filed a stipulation waiving the disqualification of the respondent, but petitioner contends that the district is bound by the stipulation executed as of date April 19, 1923, by the original parties to the action on the theory that one who intervenes in an action is bound by the record of the action at the time of the intervention. Petitioner relies on the case of *McNeil* v. *Morgan,* 157 Cal. 373 [109 Pac. 69], where it is said: ''It is true, generally speaking, that one who intervenes in an action is bound by the record of the action at the time of intervention.'' But, as indicated by the opinion in that case, the general rule is not without its modifications. It is there said: '' . . . we would be loath to extend the rule in such manner as to deprive the intervener of a trial upon matters of fact by a jury where he would enjoy the right to such manner of trial in an action commenced by him originally: 'An intervention merely adds new parties for the purpose of determining all conflicting claims to the matter in controversy and does not affect the nature of the action so that plaintiff in an action at law is not deprived of his right to a jury trial by an intervention praying for equitable relief' (citing *Reay* v. *Butler,* 2 Cal. Unrep. 501 [7 Pac. 669]). 'While on the other hand if the case is properly triable by jury a jury may be demanded by 'the intervener, although it has not been demanded by either of the original parties' (citing *Lacroix* v. *Menard,* 3 Mart., N. S. (La.), 339 [15 Am. Dec. 161]; 24 Cyc. 114).'' So in this case it would seem to be an unwarranted application of the general rule to hold that it would require an intervener to try his case before a disqualified judge. The mere suggestion of such a holding would seem to be its refutation.

The judge under the code section is disqualified "unless the parties to the action shall sign and file in the action or proceeding a stipulation in writing, waiving the disqualification in this subdivision of this section provided," which was not done. It is clear that the position taken by the petitioner, if upheld, would result in a substitution of the rule contended for in the place and stead of the positive requirement of a stipulation under the statute. The legislature has not provided, in effect or at all, for such subdivision and we do not consider it within our province to do so.

There is also much force in the contention of the respondent that the stipulation of the original parties, of date April 19, 1923, waiving the disqualification of the respondent and one of the three other judges of said court was ineffectual for any purpose and a nullity. At the time the stipulation was signed and filed none of the public agencies mentioned in or contemplated by subdivision 5 of said section 170 was a party to said action. The city of San Diego was the party plaintiff and it may have been thought at that time that a city was a "public agency" as contemplated by the section. The stipulation was signed and filed before the decision in the case of *Tocque* v. *Superior Court,* 64 Cal. App. 494 [222 Pac. 181], decided November 23, 1923, and holding that a city, being a municipal corporation of general powers, is not such a public agency. Before the said stipulation was signed and filed there was no disqualification of any judge of said court in said action under subdivision 5 of the code section mentioned. The disqualification did not arise until the entrance into the case of the irrigation district as a party. It cannot properly be said that a stipulation which was of no force or effect at the time it was filed would thereafter become effective as to a party not joining therein. The irrigation district was, therefore, not prejudiced by the stipulation and was not prevented thereby from urging the disqualification of the respondent.

It is conceded by the petitioner that it has no vested right to have said cause tried before any particular judge, but it is insisted that the respondent has entered an order disqualifying himself and all of the judges of said court because of a mistaken and erroneous view of the law under the undisputed facts and that, therefore, the respondent may be compelled to set aside said order and proceed with the hear-

ing of said demurrer as an act which the law specifically en-
joins as a duty resulting from his office (sec. 1085, Code Civ.
Proc.).  [5]  There is no doubt that a judge of the su-
perior court may be compelled by a writ of mandate to pro-
ceed with the trial of either an issue of law or fact in an
action rightly pending in his court when he refuses without
legal reason so to do (*Tomkin* v. *Harris*, 90 Cal. 201 [27
Pac. 202]; 16 Cal. Jur. 820).  Conversely, if legal justifica-
tion for his refusal to act as the petitioner demands is disclosed
*mandamus* will not lie.  In this proceeding the statutory dis-
qualification constituted such legal justification.  [6]  Also,
the party making the application must be beneficially
interested in the result (sec. 1086, Code Civ. Proc.).  There
must be a legal right to be enforced or protected by the
petitioner as well as a legal duty to be performed by the
judge in order that the writ may be made available (16 Cal.
Jur. 819).  [7]  If the petitioner has no legal right to have
his cause tried before any particular judge, it seems difficult to
conclude that it has the legal right to compel a particular judge
to try the case.  [8]  Under section 1086 of the Code of Civil
Procedure the writ will issue only when there is not a plain,
speedy, and adequate remedy in the ordinary course of law.
The court as such has not refused to proceed in said action.
On the contrary, upon the entry of the order holding that
the judges of said court, including the respondent, were dis-
qualified, the court immediately entered an order to the
end that a qualified judge might be procured.  That was an
appropriate order as contemplated by section 5 of said sec-
tion 170, and, under the circumstances, was the only remedy
to which the petitioner was entitled.  It was plainly pro-
vided for by statute, adequate to all requirements of the
litigation, and would, it must be assumed, be attended with
no undue delay on the part of the chief executive of the
state in providing a judge from without the county to hear
and determine all issues in said action.

It is contended by petitioner that all of the facts necessary
to a proper determination of the claims of the interveners
is within the judicial knowledge of the court and that, there-
fore, this court should now determine that the claims
of all of the interveners are subject and subordinate to the
alleged rights of the city of San Diego.  Assuming, but not
deciding, that this court could take judicial notice of all the

matters referred to, we would not, if it were otherwise proper for us to do so, undertake to adjudicate such alleged rights upon the record before us, consisting, as it does, in the main of a mere citation of state and federal authorities and references to land grants and orders not set out in the record.

The peremptory writ is denied.

Lawlor, J., Lennon, J., Seawell, J., Waste, J., and Richards, J., concurred.

MYERS, C. J.—I concur in the judgment upon the ground last stated in the opinion, namely, that a party litigant has no vested or legal right to have his case tried and determined by any particular judge. Inasmuch as the court in which this action is pending, to wit, the superior court in and for San Diego County, has at no time refused to proceed with the hearing and determination thereof, but, on the contrary, stands ready and willing to proceed therein, functioning by and through a judge who is in every way qualified, I concur with the conclusion that petitioner is not entitled to a writ of mandate to compel the respondent judge to act therein.