[L. A. No. 14809. In Bank.—November 20, 1934.]

THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA (a Municipal Corporation), Petitioner, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

James H. Howard, General Counsel, Charles C. Cooper, Jr., and A. Heber Winder for Petitioner.

Albert Ford for Respondents.

THOMPSON, J.—This is an original proceeding in *mandamus* to compel the respondent Superior Court in and for the County of Riverside and the respondents Hon. O. K. Morton and Hon. G. R. Freeman, as judges thereof, to vacate and set aside a voluntary order disqualifying themselves to sit or act in eminent domain proceedings now pending in the respondent Superior Court, entitled *"The Metropolitan Water District of Southern California, a Municipal Corporation, Plaintiff,* v. *Henry Upton et al., Defendants,"* and numbered 24185 therein, and to compel respondents to proceed with the trial and determination of the action. The return to the alternative writ of mandate issued out of this court was made by general demurrer to the petition.

The order of disqualification was made not by reason of any actual bias or prejudice, which is eliminated from consideration herein, but "under and by reason of the provision of sub-section 6 of section 170" of the Code of Civil Procedure, which, so far as relevant to the question here raised, provides:

"In an action or proceeding brought in any court by or against the Reclamation Board of the State of California, or any irrigation, reclamation, levee, swamp land or drainage district, or any public agency, or trustee, officer or employee thereof, affecting or relating to any real property, or an easement or right of way, levee, embankment, canal or any work provided for or approved by the Reclamation Board of the State of California, a judge of the superior court of the county . . . in which such real property, or any part thereof, or such easement or right of way, levee, embankment, canal or work, or any part thereof, is situated shall be disqualified to sit or act, and such action shall be heard and

tried by some other judge or justice, requested to sit therein by the chairman of the judicial council, unless the parties to the action shall sign and file in the action or proceeding a stipulation in writing, waiving the disqualification in this subdivision of this section provided, . . . '' The respondent judges are of the opinion that they are disqualified by this section to hear and determine eminent domain proceedings instituted by the petitioning district to condemn lands in Riverside County, on the theory that petitioner comes within the term ''other public agency'' as used in subdivision (6).

Petitioner is alleged in the petition to be ''a municipal corporation, duly organized, existing and functioning under and by virtue of the Constitution and laws of the state of California, particularly under and by virtue of that certain statute known as 'The Metropolitan Water District Act' (Stats. 1927, ch. 429, and amendments thereto, Deering's Gen. Laws of 1931, p. 5229)''. Its contention that no disqualification arises by reason of subdivision (6) of section 170, *supra*, is made upon the theory that the disqualification there imposed is limited to public agencies similar in character to irrigation, reclamation, levee, swamp land and drainage districts, and that petitioner being a public or municipal corporation, it is so dissimilar in character to the enumerated state agencies that it does not come within the purview of the section. In support of this contention we are cited to many cases distinguishing this type of district from the improvement districts mentioned in the statute under consideration (the differences being summed up in *Morrison* v. *Smith Bros., Inc.*, 211 Cal. 36 [293 Pac. 53]), and to the cases of *Tocque* v. *Superior Court*, 64 Cal. App. 494 [211 Pac. 181], and *City of San Diego* v. *Andrews*, 195 Cal. 111 [231 Pac. 726], holding that the disqualification imposed by subdivision (6) of section 170, *supra*, does not extend to municipal corporations of general powers. Petitioner also relies upon numerous cases classifying municipal and metropolitan water districts as *quasi*-municipal corporations. (*Henshaw* v. *Foster*, 176 Cal. 507 [169 Pac. 82]; *City of Pasadena* v. *Chamberlain*, 204 Cal. 643 [269 Pac. 630]; *Wheatley* v. *Superior Court*, 207 Cal. 722 [279 Pac. 989].) (See *In re Orosi Public Utility Dist.*, 196 Cal. 43 [235 Pac. 1004].)

As already indicated, the supplying of water to the inhabitants of a city is deemed to be a legitimate municipal affair. (*City of Pasadena* v. *Chamberlain, supra.*) Under the Metropolitan Water District Act two or more municipalities may join for the purpose of conducting for each a legitimate municipal affair, i. e., the supplying of water to the inhabitants of each. It is true that the district is authorized to go beyond the municipal affairs of one municipality—but it does not transcend a proper municipal function of the cities as a combined unit. Were we to hold with respondents' contention we would be faced with a strange anomaly. Under the cases of *Tocque* v. *Superior Court, supra,* and *City of San Diego* v. *Andrews, supra,* the cities composing the metropolitan water district might bring actions, or conceivably might join in an action affecting real property, and a disqualification of the judges of the county wherein the property was situate would not necessarily result. And yet if they act through a common instrumentality or agency a disqualification necessarily follows. It is difficult to believe that such a result was ever contemplated by the legislature. In fact, we find evidence to the contrary. Reverting to the section for a moment we read: "or any public agency, or trustee, officer or employee thereof, affecting or relating to any real property, or an easement or right of way, levee, embankment, canal or *any work provided for or approved by the Reclamation Board of the state of California*". (Italics ours.) It is manifest from the quotation that the legislature was dealing with the subject of reclamation work whether done under one name or another, in which undertakings the included lands are assessed in proportion to the benefits derived therefrom, and did not have in mind the supplying of domestic water to the inhabitants of one or more municipalities. In the former there is apt to develop, as has been pointed out in earlier opinions, great differences of opinion concerning benefits and assessments, the character of and the manner of doing the work, which vitally affect the interests of the land owners in different sections of the district. In the latter, however, there is a unity of interest in the common source of supply, and its economical construction and management as well as in the taxes if necessary to be levied. Bearing in mind this difference and the fact, as is pointed out in

*Morrison* v. *Smith Bros., Inc., supra,* and in *Pasadena* v. *Chamberlain, supra,* that a district such as petitioner more closely resembles a municipal corporation than it does a state agency such as irrigation and ·reclamation districts, we are bound to conclude that the legislature intended, by the inclusion of the latter type only, to exclude the former. The respondent judges not being disqualified, the petitioner is entitled to be relieved of the order, and to have respondents proceed with the trial and determination of the action.

It is ordered that the peremptory writ of mandate issue.

Seawell, J., Langdon, J., Preston, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.