[L. A. No. 17896. In Bank. Feb. 24, 1943.]

THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, Appellant, v. COUNTY OF RIVERSIDE, Respondent.

James H. Howard, Arthur A. Weber, Ray W. Bruce, Charles C. Cooper, Jr., and Donald M. Keith for Appellant.

Harry W. Horton, Thomas C. Boone, A. L. Cowell, Ronald B. Harris, C. F. Metteer, W. H. Jennings, Maurice M. Myers, Arvin B. Shaw, Jr., C. F. Culver, M. B. Wellington, M. I. Church, Kenneth K. Wright and George Clark, as Amici Curiae on behalf of Appellant.

Earl Redwine, District Attorney, and William O. Mackey, Chief Deputy District Attorney, for Respondent.

GIBSON, C. J.—The Metropolitan Water District of Southern California, composed of thirteen member municipalities and a municipal water district, was organized under the Metropolitan Water District Act (Deering's Gen. Laws, Act 9129, Stats. 1927, p. 694) for the purpose of developing, storing and distributing water for domestic and municipal uses. In the performance of its functions, it has acquired and devoted to such uses real property situated in the county of Riverside. This property is outside the boundaries of plaintiff district and was subject to tax by defendant county when it was acquired. Defendant has levied and collected taxes upon the property which plaintiff paid under protest and now seeks to recover in these consolidated actions. Demurrers to the complaints were sustained without leave to amend and plaintiff appeals from the judgments entered thereon.

The question is whether the property of plaintiff, located outside of its boundaries, and which was subject to tax at the time it was acquired, is taxable by defendant county in which the property is situated. The parties are in agreement that the determination of this question turns upon whether plaintiff district is a municipal corporation within the meaning of section 1, article XIII of the state Constitution, which provides that property "such as may belong to the United States, this State, or to any county, city and county, or municipal cor-

poration within this State shall be exempt from taxation, *except such lands and the improvements thereon located outside of the county, city and county or municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by said county, city and county, or municipal corporation. . . .''* (Italics ours.)

The exception contained in the italicized portion of the section was added by amendment in 1914. As disclosed by the printed argument submitted to the voters, the inducing cause of the amendment was the acquisition of large real property interests in Tuolumne, Mono and Inyo Counties for reservoir purposes by the two largest cities of the state. The purpose of the amendment was to protect and conserve the revenues of the invaded territory. (*Turlock Irr. Dist.* v. *White,* 186 Cal. 183, 184-185 [198 P. 1060, 17 A.L.R. 72].)

Having the object of the amendment in mind, we are satisfied that the words "municipal corporation," as used in the constitutional provision, should be construed to include a district such as plaintiff which is made up of several municipalities and a municipal water district. It would be unreasonable, in our opinion, to interpret the constitutional provision as permitting cities to unite in a metropolitan water district and thereby take from the tax rolls of another county property which the constitutional provision prohibits them from so taking as individual municipalities. What cannot be done directly may not be done indirectly.

The case of *Morrison* v. *Smith Bros.,* 211 Cal. 36, 44-45 [293 P. 53], tracing the history of the development of the type of water district here involved, states that "from 1911 to date, there has been developed a new type of public corporation, resembling in many respects municipal corporations proper, and radically different in nature from irrigation and reclamation districts. The case of *Henshaw* v. *Foster* [176 Cal. 507 (169 P. 82)] clearly recognized the distinction, holding that such *quasi*-municipal corporations were municipal corporations within the meaning of article XI, section 19, of the state Constitution. . . . In the Orosi case [196 Cal. 43 (235 P. 1004)] the court again found a distinction between irrigation districts and *quasi*-municipal corporations. The court there pointed out that the purposes and means of operation are different." In the Morrison case, *supra,* the water district was trying to avoid a tort liability on the ground that it was not a municipal corporation, but the court held that "it would

certainly be an anomalous situation if a municipality engaged in a proprietary function, such as running, operating or constructing water works, would be liable for the torts of its agents, but if the same municipality should join with other municipalities and organize a municipal utility district it would thereby immunize itself from all such liability. Such a rule does not appeal to our sense of justice nor to our reason."

An equally anomalous situation would prevail if we were to hold under section 1, article XIII of the Constitution that property owned by a single municipality in another county is subject to taxation but property owned by a district such as plaintiff, formed by the uniting of several municipalities and a municipal water district, is not subject to such taxation.

It is significant, too, that in a prior proceeding instituted in this court plaintiff alleged itself to be a municipal corporation. (*Metropolitan Water District* v. *Superior Court,* 2 Cal.2d 4, 6 [37 P.2d 1041].) That was a mandamus proceeding brought by plaintiff to require the superior court judges of Riverside County to vacate a voluntary order disqualifying themselves to sit in condemnation cases brought by the district in that county. Plaintiff there contended that the disqualification imposed by subdivision 6 of section 170 of the Code of Civil Procedure was limited to public agencies similar in character to irrigation, reclamation, levee, swamp land and drainage districts and was without application to a "municipal corporation," which it alleged itself to be. In support of this contention plaintiff there cited many cases distinguishing its type of district from the other districts just mentioned and also cited numerous cases classifying municipal and metropolitan water districts as *quasi*-municipal corporations. This court held that inasmuch as plaintiff "more closely resembles a municipal corporation than it does a state agency such as irrigation and reclamation districts," the disqualification of judges imposed by the code section was without application. It was pointed out that any other conclusion would result in the anomaly of the judges being qualified to act in suits brought by the municipalities composing the district, but being disqualified to act if the same municipalities "act through a common instrumentality or agency."

Plaintiff is chiefly composed of municipalities and its purposes are municipal. It has been held that "The supplying of water for domestic uses within municipalities has grown of

recent years to be one of the most common and well-recognized forms of municipal activities." (*City of Pasadena* v. *Chamberlain,* 204 Cal. 653, 663 [269 P. 630].) We conclude, therefore, that the words "municipal corporation," as used in the constitutional provision, were intended to include a district of the type of plaintiff, whether for descriptive purposes it be designated a municipal corporation in the technical sense, a *quasi*-municipal corporation (which plaintiff here concedes itself to be), or a public corporation for municipal purposes. This being so, the real property owned by plaintiff outside its boundaries and within the defendant county is subject to taxation by defendant.

The case of *Turlock Irr. Dist.* v. *White,* supra, relied on by plaintiff may be distinguished. As indicated by the title of the case, an irrigation district was there involved. In view of the distinction recognized in the cases to exist between such a district and a municipal corporation or a district similar to the plaintiff herein, it was unnecessary to the decision of that case that it be held that the words "municipal corporation" appearing in the constitutional provision were used "in the strict technical sense." The quoted language was used in *Laguna Beach County Water Dist.* v. *County of Orange,* 30 Cal.App.2d 740, 745-746 [87 P.2d 46], in support of the conclusion that the *county* water district there involved did "not fall within the technical definition of a municipal corporation." Neither the Turlock nor the Orange County case may be accepted as an authoritative determination that a metropolitan water district such as plaintiff is not a "municipal corporation" as that phrase is employed in the constitutional provision. Any suggestion to the contrary in either of such cases is disapproved.

Our conclusion makes for uniformity and obviates the anomaly contended for by plaintiff that for certain purposes, such as liability for torts and qualification of judges to try condemnation cases, metropolitan water districts are to be treated in the same category as municipal corporations, and for other purposes such as taxation they are to be placed in a different category.

The judgments are affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.