## MASON v. EL DORADO IRR. DIST.

### No. 10541.

Circuit Court of Appeals, Ninth Circuit.
June 20, 1944.

Writ of Certiorari Denied Oct. 23, 1944.

See 65 S.Ct. 91.

J. R. Mason, in pro per.

Thomas Maul, of Placerville, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHANS, Circuit Judge.

This is an appeal by a bondholder-creditor from the final decree of the district court sitting in bankruptcy.

El Dorado Irrigation District sought relief under the composition provisions of the Bankruptcy Act, 11 U.S.C.A. § 401 et seq., a plan was submitted and approved, and the interlocutory decree was issued and entered. Mason appealing here was one of the appellants in Thomas et al. v. El Dorado Irr. Dist., 9 Cir., 126 F.2d 922, which was an appeal from the interlocutory decree entered in this identical bankruptcy or composition proceeding. The opinion appearing at the given citation is hereby referred to for facts and citations pertinent to this appeal.

Appellant argues four propositions, which we shall treat in the order of their presentation in his opening brief.

*First Proposition.* After entry of the interlocutory decree and before entry of the final decree the District bonds excepting those held by certain persons, including appellant, who have not consented to the composition, were surrendered and cancelled as provided for in the plan. It is argued that the composition plan had not been completed, the final decree not having been granted or entered, and that therefore there was no creditor who could consent to the plan, and there was no longer any consent to the plan before the court. We hold that consent had been given by the requisite percentage of indebtedness and this consent extended throughout the proceeding. Counsel relies on Wright v. City of Coral Gables, 5 Cir., 137 F.2d 192. But the cases are not parallel. In the cited case the plan had been abandoned entirely, changes had taken place, and it was sought to go forward under the changed conditions under authority of the original consents. No such situation is in the instant case. The proposition, as we see it, shows a misunderstanding of the Act.

*Second Proposition.* There is a provision in the final decree that all outstanding bonds shall be presented to the court registrar within twelve months "from the date hereof." Appellant argues that this is error. We agree that the decree should be and it is hereby ordered amended by striking, wherever in the decree they are found, the phrases "from the date hereof" and "from the date thereof" and substituting in place thereof the phrase "from the date the final decree becomes final." So amended the decree requires that the outstanding bonds shall be presented to the court registrar within twelve months after the date the final decree becomes final. We hold the limitation as fixed by the amendment is reasonable and proper.

*Third Proposition.* Appellant claims notice of hearing of the final decree without due notice to the creditors, but does not claim any harm suffered by himself because of this asserted omission. See Bekins v. Lindsay-Strathmore Irr. Dist., 9 Cir., 114 F.2d 680. The proposition is without merit.

*Fourth Proposition.* "The final decree violates Clause 2, Sec. 13 (it is evident that the writer meant section 3), Art. 4 of the Constitution of the United States, also the provisions of Art. VI, Sec. 13 (it is not clear what the relation is between the citation and the facts of the instant case) and Art. XI, Sec. 13 of the Constitution of the State of California." Appellant's claim is set out in his opening brief as follows:

"The Supreme Court of California in El Camino Irrigation District v. El Camino Land Corp., 12 Cal.2d 378, 85 P.2d 123, held squarely that all the taxes mandatory under the Irrigation District Act and all other property and revenues belonging to irrigation districts constitute property 'owned by the State', designated a 'public trust', and dedicated without time limit, for the 'uses and purposes of the Act', among which is the faithful fulfillment of all lawful obligations.

"The fact that some portion of the tax revenues or usufruct of land acquired for unpaid taxes, after operation and maintenance costs are paid, must be paid to creditors, when and as collected, can not in any sense alter or lessen the fact that the final decree, if it stand, will result in 'interfering' with the pledged exercise of political and governmental powers, and the transfer from appellant to the private holders of taxable real property 'claims of a particular State', as well settled by the highest State Court.

"In further support of this proposition, we cite: Provident L. C. v. Zumwalt, 12 Cal.2d 365, 85 P.2d 116; Metropolitan Water Dist. v. Riverside County, 21 Cal.2d 640, 134 P.2d 249; Moody v. Provident I. D., supra [12 Cal.2d 389, 85 P.2d 128]."

The points treated under this proposition are treated in West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654, and associated cases.[1] We hold against appellant.

The decree is ordered amended as indicated under "Second Proposition," and as amended the decree is affirmed.

---

[1] Bekins v. Lindsay-Strathmore Irr. Dist., supra; Jordan et al. v. Palo Verde Irr. Dist., 9 Cir., 114 F.2d 691; Moody et al. v. James Irr. Dist., 9 Cir., 114 F.2d 685; Newhouse et al. v. Corcoran Irr. Dist., 9 Cir., 114 F.2d 690.