[Civ. No. 10246. Third Dist. Apr. 28, 1961.]

LULBERDA HUNT, Petitioner, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent; REDEVELOPMENT AGENCY OF THE CITY OF STOCKTON, Real Party in Interest.

Herbert W. Simmons, Jr., Herbert M. Porter and Vaino Spencer for Petitioner.

No appearance for Respondent.

Richard Daley for Real Party in Interest.

VAN DYKE, P. J.—Lulberda Hunt petitioned this court for a writ of prohibition directed to the Honorable William

Biddick, Judge of the Superior Court in and for the County of San Joaquin prohibiting Judge Biddick from hearing a cause pending before said Superior Court, in which the Redevelopment Agency of the City of Stockton, as plaintiff, is condemning for its uses a parcel of land in San Joaquin County owned by petitioner. Petitioner avers that the redevelopment agency is "a public agency" and that, therefore, under the provisions of section 170, subdivision 6, of the Code of Civil Procedure, judges of the Superior Court in San Joaquin County are disqualified to hear the cause. This court issued an order directing Judge Biddick to show cause why he should not be prohibited from acting in said cause and the matter has been heard upon the return of Judge Biddick and the petition for the writ.

The pertinent part of the code section referred to reads as follows:

"In an action or proceeding brought in any court by or against the Reclamation Board of the State of California, or any irrigation, reclamation, levee, swampland or drainage district, or any public agency . . . affecting or relating to any real property . . . a judge of the superior court of the county . . . in which such real property . . . is situated shall be disqualified to sit or act, . . . ."

We think that the long-standing judicial construction of the legislation relied upon by petitioner made heretofore by the appellate courts of the state, combined with the inferable acquiescence of the Legislature in that construction, precludes the application of the legislation to the cause over which Judge Biddick is presiding.

It is unnecessary to discuss in detail the cases construing section 170, subdivision 6, of the Code of Civil Procedure, upon the point here involved. They are: *Sacramento etc. Drainage District* v. *Rector,* 172 Cal. 385 [156 P. 506]; *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 P. 1056]; *City of San Diego* v. *Andrews,* 195 Cal. 111 [231 P. 726]; *Hall* v. *Superior Court,* 198 Cal. 373 [245 P. 814]; *Tocque* v. *Superior Court,* 64 Cal.App. 494 [222 P. 181]; *Metropolitan Water District* v. *Superior Court,* 2 Cal. 2d 4 [37 P.2d 1041], and *Metropolitan Water District* v. *County of Riverside,* 21 Cal.2d 640 [134 P.2d 249]. By these cases it has become established that the generalization "any public.agency" is limited to agencies of the same kind and character as those specifically mentioned, that is, to public agencies like unto reclamation, irrigation, levee, swampland

and drainage districts. It is obvious that the redevelopment agencies do not fall within that classification.

The order to show cause heretofore issued is discharged. The petition for a writ of prohibition is denied.

Schottky, J., and Peek, J., concurred.