STONE, J.*
Plaintiff-Respondent, a municipal water district, commenced a condemnation action in the Superior Court of San Bernardino County against Defendant-Appellant, a water company. Appellant moved for a change of venue upon the ground that Code of Civil Procedure section 170, subdivision 6, disqualifies the San Bernardino County judges. The pertinent part of that section reads as follows:
“No justice or judge shall sit or act as such in any action or proceeding:...
“6. Certain public works. In an action or proceeding brought in any court by or against the Reclamation Board of *146 the State of California, or any irrigation, reclamation, levee, swampland or drainage district, or any public agency, or trustee, officer or employee thereof, affecting or relating to any real property, ...”
Although municipal water districts are not specifically mentioned in subdivision 6 of section 170, appellant contends that such districts come within the purview of the words “public agency.” This argument is predicated upon the reasoning of the court in Lindsay-Strathmore Irr. Dist. v. Superior Court, 182 Cal. 315 [187 P. 1056]. At the time the Lindsay-Strathmore decision came down, irrigation districts were not specifically mentioned in Code of Civil Procedure section 170. The court held, nevertheless, that an irrigation district was a “public agency” as that term was then used in Code of Civil Procedure section 170. By applying the principle of ejusdem generis, the Supreme Court reasoned that an irrigation district was comparable to the Reclamation Board of the State of California, or a reclamation, levee, swampland or drainage district, since the purpose of the named agencies and that of an irrigation district is to reclaim land.
Appellant argues persuasively that the rationale of the Lindsay-Strathmore case brings municipal water districts within the purview of section 170, subdivision 6. However, this very question was determined adversely to appellant’s position by the Supreme Court in Metropolitan Water Dist. v. Superior Court, 2 Cal.2d 4 [37 P.2d 1041]. In that case the Riverside County judges deemed themselves disqualified from hearing a matter involving The Metropolitan Water District of Southern California, a municipal corporation. As in our ease, the disqualification was predicated upon the provisions of subdivision 6 of section 170 of the Code of Civil Procedure. In holding that there was no disqualification, the court said, at pages 7-8:
“Reverting to the section for a moment we read: ‘or any public agency, or trustee, officer or employee thereof, affecting or relating to any real property, or an easement or right of way, levee, embankment, canal or any work provided for or approved hy the Reclamation Board of the state of California. ’ (Italics ours.) It is manifest from the quotation that the legislature was dealing with the subject of reclamation work whether done under one name or another, in which undertakings the included lands are assessed in proportion to the *147 benefits derived therefrom, and did not have in mind the supplying of domestic water to the inhabitants of one or more municipalities. In the former there is apt to develop, as has been pointed out in earlier opinions, great differences of opinion concerning benefits and assessments, the character of and the manner of doing the work, which vitally affects the interests of the land owners in different sections of the district. In the latter, however, there is a unity of interest in the common source of supply, and its economical construction and management as well as in the taxes if necessary to be levied. Bearing in mind this difference and the fact, as is pointed out in Morrison v. Smith Bros., Inc., supra [211 Cal. 36 (293 P. 53)], and in Pasadena v. Chamberlain, supra [204 Cal. 653 (269 P. 630)], that a district such as petitioner more closely resembles a municipal corporation than it does a state agency such as irrigation and reclamation districts, we are bound to conclude that the legislature intended, by the inclusion of the latter type only, to exclude the former. The respondent judges not being disqualified, the petitioner is entitled to be relieved of the order, and to have respondents proceed with the trial and determination of the action.” (See also Hunt v. Superior Court, 191 Cal.App.2d 672 [12 Cal.Rptr. 850]; People v. Spring Valley Co., 109 Cal.App.2d 656,670 [241 P.2d 1069].)
The foregoing ruling in Metropolitan Water Dist. v. Superior Court was cited with approval in Metropolitan Water Dist. v. County of Riverside, 21 Cal.2d 640 [134 P.2d 249], at page 643.
The specific holding of the Supreme Court in the Metropolitan Water District eases renders appellant’s analogy to the Lindsay-Strathmore case inapplicable.
Even assuming arguendo that a municipal water district is a “public agency” appellant is not entitled to a change of venue. Code of Civil Procedure section 170, subdivision 6, provides that in case a judge is disqualified thereunder “such action shall be heard and tried by some other judge requested to sit therein by the chairman of the Judicial Council, . . .”
The order is affirmed.
Shepard, Acting P. J., and Coughlin, J., concurred.

Assigned by Chairman of Judicial Council.