[No. 10527.—In Bank.]

WREDEN v. THE SUPERIOR COURT OF STANIS-
LAUS COUNTY.

PROHIBITION—JURISDICTION—MOTION TO DISMISS INFORMATION.—A writ of
prohibition will not lie to restrain a Superior Court from passing upon a
motion to dismiss an information.

PROHIBITION to the Superior Court of Stanislaus County.
HEWELL, J.

*W. E. Turner, and Wm. D. Minor,* for the Plaintiff.

No brief on file for defendant.

McKEE, J.

Where a motion is made in a Superior Court to vacate and set
aside an information, upon the ground that the depositions and
evidence transmitted to the Court by the committing magistrate,
and on which the information was filed, showed that the defend-
ant had committed a higher offense than the crime of man-
slaughter, for which he had been held to answer, a writ of pro-
hibition will not be granted to prevent the Court, on the hearing
of the motion, from looking into and considering the depositions
and evidence transmitted to it and on file among the papers of
the case.    For as the Court has jurisdiction of the subject-mat-
ter of the action and of the person of the defendant, it can, in
the exercise of its jurisdiction, hear and determine any motion
which may be made therein; and for that purpose may refer to
and consider any papers on file in the case, or offered on the
hearing of the motion, and do any and all things necessary and
proper to a complete exercise of its jurisdiction.

In the petition, there is no averment that the Superior Court
is about to dismiss the information, or that it will decide the
motion before it erroneously or irregularly; and we cannot un-
dertake to determine whether it will err or not in the decision
which it may render; but if it should err, the law has provided
ample remedy.    Any error committed in the decision of a
motion can be saved by a bill of exceptions, and be disposed of
by appeal, or any other method of review known to the law;

but judicial acts, which are the subject of review by these ordinary and adequate remedies, are not the subject of prohibition. The mere fact, if such were the fact, that a court is about to act erroneously or irregularly in a matter of which it has jurisdiction, will not warrant the issuance of a writ of prohibition. Such a writ cannot be used to prescribe what a court shall or shall not consider in a matter before it and within its jurisdiction, any more than a writ of mandate can be used to compel a court how or what to decide. To do either would be to interfere with the judicial functions of a court.

Application for writ denied.

Sharpstein, J., Myrick, J., and Thornton, J., concurred.

[Morrison, C. J., Ross, J., and McKinstry J., did not sit in the argument of this cause.]