[No. 14235.   In Bank. — July 15, 1891.]

ALFRED R. TOMKIN, PETITIONER, v. M. K. HARRIS, JUDGE OF SUPERIOR COURT OF FRESNO COUNTY, RESPONDENT.

MANDAMUS — PROCEEDING WITH TRIAL OF CAUSE — DISCRETION. — Though a superior court may be compelled by *mandamus* from the supreme court to proceed in regular course to the trial of a cause, when without any legal reason it refuses to do so, yet the party invoking the writ must show a case where the duty of the court to do the thing asked is pure and simple, and unmixed with discretionary power or the exercise of judgment.

ID. — DISMISSAL FOR WANT OF PROSECUTION — MOTION OF AMICI CURIÆ — DISCRETIONARY POWER OF COURT. — The court has discretionary power

to entertain and pass upon a motion made by *amici curiæ* to dismiss a suit which has been pending for years, without an effort by either party to bring it to trial, and which is a cloud upon the title to land, in which the moving parties are interested, though they are not parties to the action; and while such motion is under advisement, and not passed upon, the court cannot be compelled by *mandamus* to decide it within any specified time, or to set the cause for trial.

APPLICATION to the Supreme Court for a writ of mandate to the judge of the Superior Court of Fresno County. The facts are stated in the opinion of the court.

*J. C. Black*, and *B. L. Ryder*, for Petitioner.

*W. C. Graves*, for Respondent.

McFARLAND, J. — This is an original proceeding here in *mandamus*, by which petitioner seeks to have the respondent commanded to place on the calendar a certain action pending in his court, entitled *Thaddeus Harper* v. *Thomas Hildreth et al.*, and to set said action for trial on a day certain, or to appoint a referee therein, and to proceed with the trial of said action. An alternative writ was issued, and upon the filing of respondent's answer the case was argued and submitted on the petition and answer.

There is no doubt that a superior court may be compelled by *mandamus* to proceed in regular course to the trial of a cause, when without any legal reason it flatly refuses to do so. But the writ can be used for this purpose only when the action of the lower court is a plain refusal to perform a clear duty which the law specially enjoins; and the party invoking its aid must show a case where the duty of the court to do the thing asked is pure and simple, and unmixed with discretionary power or the exercise of judgment. Such a case the petitioner in the case at bar has not shown.

It appears that the said action of *Harper* v. *Hildreth et al.* was commenced in the court of respondent in June, 1884. The purpose of the action was to dissolve a part-

nership between Harper and Hildreth, who had been engaged in raising cattle and other live-stock, and in buying, selling, and improving lands, and for an accounting, Harper alleging that Hildreth was largely indebted to him on account of said partnership. It was averred in the complaint that said Harper and Hildreth, as partners, were the owners of more than thirteen thousand acres of land in Fresno County; and Kate D. McLaughlin, as executrix and devisee of Charles McLaughlin, deceased, was made a party defendant to the action as claiming an interest in said lands. No answer appears to have been filed in the case until May 14, 1885, when Hildreth filed an answer admitting the partnership, but denying any indebtedness to Harper, and alleging that upon an accounting Harper would be indebted to him (Hildreth) in the sum of thirty-three thousand dollars, for which amount he prayed judgment against the plaintiff, Harper. Nothing further seems to have been done, or asked to be done, in the case before June 29, 1886, when the defendant Hildreth died in Santa Clara County. He left a will, in which his widow, Laura L. Hildreth, was named as executrix; and on January 20, 1887, she was substituted as defendant in the case. It appears that at some time, not stated, a referee was appointed, but he died without making any report. Afterwards, in October, 1887, the said Laura was discharged of her trust as executrix by the superior court of Santa Clara County. Afterwards one Dunphy was appointed administrator; but he was also discharged as administrator by the superior court of Santa Clara County, in April, 1890, without ever having been substituted as a party to the action. In the mean time the defendant Kate L. McLaughlin had died, and no one had been substituted in her place as defendant. The action slept along until April, 1890, when Horace Hawes and W. C. Graves, in the character of *amici curiæ*, upon notice to plaintiff, moved the court to dismiss the action for want of prosecution.

In support of their motion, they showed by affidavit that both of the defendants were dead; that their estates had been administered upon and the administrations closed; and that no claim for the matters set up in the complaint had been presented to either estate. Plaintiff appeared by counsel and opposed the motion, and showed by affidavit, among other things, that the said defendant Kate L. McLaughlin, during her lifetime, and after the commencement of the action, entered into a written contract with W. W. Davis and D. P. Edwards, by which she agreed to convey to them all her title to the lands described in the complaint, upon their compliance with certain conditions; that in like manner the original defendant, Thomas Hildreth, had entered into a written agreement to convey all his interest in said lands to said Davis and Edwards; that said Davis had, by a recorded deed, conveyed the undivided half of a part of said lands to J. G. James and J. R. White; and that said Kate L. McLaughlin had afterwards, by a recorded deed, conveyed to said James and White all the interest which, in her own right, or as executrix as aforesaid, she had in any and all of the lands described in the complaint. Thereupon, plaintiff's counsel gave notice that on April 22, 1890, he would move the court for an order that said Davis, Edwards, James, White, and others be brought in as parties defendant, and for leave to file an amended and supplemental complaint. By consent of the parties, both of said motions were continued from time to time until the fifteenth day of August, when they were finally submitted upon briefs, all of which were to be filed within twenty-five days.

Afterwards, on October 15, 1890, and while said motions were still under advisement, the petitioner herein, Alfred R. Tomkin, having procured himself to be appointed administrator of said Thomas Hildreth, deceased, appeared by his attorney, and asked to be substituted as defendant. To this, Milton E. Babb, one of the attor-

neys of record for plaintiff, consented, and on December 17, 1890, an order for such substitution was made. On December 22d, the petitioner, by his attorney, J. C. Black, appeared, and asked the court orally to place the cause upon the calendar for trial, on a day to be fixed by the court, or to appoint a referee, and to allow the plaintiff and defendant to amend their pleadings as per stipulation on file. This stipulation was signed by said Babb as attorney for plaintiff, and by said Black and B. G. Ryder as attorneys for the substituted defendant, Tomkin, and provided that the said parties might amend their pleadings at any time " as they may elect." This motion having been denied, it was renewed in writing on December 23d; and the written motion was consented to in writing by said Babb as attorney for plaintiff. The motion was denied, the judge saying that whenever any amendment to a pleading should be proposed he would pass upon it, but that he would not make the order for amendment in the general way proposed by Black and consented to by Babb. (We gather from the record that the court suspected collusion between the said two apparently hostile parties.) The court refused to place the case on the calendar at that time, but said that it would "place the case on the calendar if the matters heretofore submitted are determined before that time," and there were issues to be tried. At that time the pleadings in the case had disappeared, and there had been no application to supply them. According to the rules of the court, the civil calendar was called at certain times for the purpose of setting cases for trial; and when the said motion was made, cases had already been set up to January 21st. There was another setting of the calendar, on January 10th, of which the usual notice in the newspapers was given; but no motion was made at that time to set the said case of *Harper* v. *Hildreth*. On January 2, 1891, the court made an order reciting the facts above stated as to the said Davis, Edwards, James, and White,

and directing that they be brought in and made parties to the action.

Under these circumstances, we do not think that the petitioner presents a clear field for the exercise of the extraordinary remedy of *mandamus.* Waiving all other considerations, we think that the court had the right to entertain the motion of *amici curiæ* to dismiss the action for want of prosecution. The object of the motion, as stated by them, was to purchase and procure good titles to lands which were embraced in and clouded by the action. The suit had been pending for six years, and no effort had been made by either of the parties to bring it to a trial. There was not — and for a long time had not been — any person representing either of the defendants; and the interests of the defendants in the lands affected by the suit had been long since transferred and conveyed to others. Whether or not, under these circumstances, the motion of Hawes and Graves — though not parties to the action — should be entertained, was a question which we think addressed itself to the judicial discretion of the court. It had the right to entertain the motion if it chose to do so. Parties have no right to perpetually encumber the records of a court with suits which they never intend to prosecute. And having entertained the motion, and taken it under advisement, the court cannot be compelled by *mandamus* to decide it within any specified time. For these and other reasons apparent on the face of the record, the peremptory writ must be denied. It is not to be presumed that the respondent will indulge in any unnecessary delay in disposing of the preliminary questions before him.

The application of petitioner is denied, and the proceeding dismissed.

De Haven, J., Garoutte, J., Harrison, J., and Sharpstein, J., concurred.