['Civ. No. 1488.    Second Appellate District.—April 9, 1914.]

## JOHN LAPIQUE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

MANDAMUS TO JUDGE TO COMPEL ISSUANCE OF EXECUTION IN ACCORDANCE WITH PRIOR VIEWS EXPRESSED FROM THE BENCH.—Where a judge, when application is made under section 685 of the Code of Civil Procedure for an order directing the issuance of an execution, expresses the view that the application will be granted and that he will sign the order when submitted, *mandamus* will not lie, upon the subsequent refusal of the judge to sign the order, to compel him to do so. The views of the judge, thus expressed from the bench, cannot be construed as an order granting the application; and until the order is in fact made, there is no action on the part of the court, and the expressed views of the judge are as much subject to change as though they were unuttered.

ID.—FUNCTION OF MANDAMUS—REVIEW OF ERROR.—It is not the function of a writ of mandate to review error.

APPLICATION for Writ of Mandate to be directed to the Superior Court of Los Angeles County and Fred H. Taft judge thereof.

The facts are stated in the opinion of the court.

Willedd Andrews, for Petitioner.

Percy V. Hammon, for Respondent.

SHAW, J.—It appears from the petition that in December, 1913, Lapique, as the assignee of an unsatisfied judgment rendered in favor of his assignor in 1905, applied to the superior court of Los Angeles County, pursuant to the provisions of section 685 of the Code of Civil Procedure, for an order directing the issuance of an execution for the enforcement of the judgment. Upon the hearing of the motion, the judge from the bench expressed the view that the application so made by plaintiff should be granted, and directed plaintiff's attorney to prepare and submit an order for the issuance of an execution, stating that he would sign the same. Thereafter the court refused to make such order, but instead,

on January 8, 1914, as shown by the return of respondent, made its order denying the application.

The petition for the writ must be denied. The views of the judge expressed from the bench as to plaintiff's rights cannot be construed as an order granting the motion. It appears to be petitioner's contention that, since the judge announced from the bench that in his opinion plaintiff was entitled to the order asked for, he should have adhered to the opinion so expressed. What the judge said from the bench, since it did not constitute the order of the court, was immaterial. We have repeatedly held that the opinion of a judge filed in a case, where inconsistent with the findings or other action of the court, is not part of the record or entitled to consideration in determining questions brought up on appeal. So here, until the order was in fact made, there was no action on the part of the court, and the expressed views of the judge were as much subject to change as though they had remained unuttered.

By making the order denying plaintiff's application the court acted upon the same. Whether the ruling be erroneous is immaterial, for, since it is not the function of a writ of mandate to review error (*Gesford* v. *Superior Court,* 114 Cal. 466, [46 Pac. 383]), conceding its existence, no relief can be had in this proceeding.

The application is denied.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 8, 1914.