[Civ. No. 5003.   Second Appellate District, Division One.—April 10, 1925.]

PACIFIC STATES CORPORATION, Petitioner, v. SUPE-RIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

[1] PRACTICE—PERFORMANCE OF OFFICIAL DUTY—NEGLECT OF OFFICER —EFFECT UPON PARTY.—Where a party has done all that the law requires of him in any matter which is a part of the proceedings in an action, he should not be made to suffer by reason of the neglect of an officer of the court to perform an official duty in the completion of that particular proceeding in the action.

[2] JUSTICE'S COURT—NOTICE OF APPEAL—UNDERTAKING—PAYMENT OF FEES—FAILURE OF JUSTICE TO TRANSMIT FILING FEES—JURISDIC-TION.—When an appellant from a justice's court judgment has paid into the hands of the justice all of the required fees in connection with its notice of appeal, and has given its sufficient undertaking on appeal, the appeal is thereby perfected so as to vest jurisdiction thereof in the superior court; and this jurisdiction cannot be lost by the mere failure of the justice to transmit the filing fees to the county clerk.

[3] ID.—JURISDICTION—MANDAMUS.—Where a court has jurisdiction of a cause it should not be permitted by an arbitrary or erroneous order to divest itself of jurisdiction, but it should be compelled to proceed with the cause to judgment, and for that purpose *mandamus* is an appropriate remedy.

(1) 15 **C. J.**, p. 908, n. 1 New.   (2) 35 **C. J.**, p. 755, n. 26. (3) 38 **C. J.**, p. 607, n. 58.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County to assume jurisdiction of a Justice's Court appeal. Hugh J. Crawford, Judge. Writ granted.

The facts are stated in the opinion of the court.

Howard S. Lewis, Clarence E. Fleming and John M. Martin for Petitioner.

James McLachlan for Respondent.

CONREY, P. J.—In an action filed against petitioner herein in the justice's court of Pasadena township, in the county of Los Angeles, judgment was rendered in favor of Redman, plaintiff, against Pacific States Corporation, defendant. The corporation appealed. On motion of Redman, the Superior Court dismissed the appeal upon the ground that the same had not been perfected within the time provided by law. Thereupon said corporation filed its petition in this court for a writ of mandate to compel the Superior Court to exercise jurisdiction over said appeal, and to proceed to hear and determine said action upon its merits. The questions of law involved in this proceeding are raised by demurrer to the petition.

Section 981 of the Code of Civil Procedure reads as follows: "No appeal effective unless fees for filing are paid. No appeal taken from a judgment rendered in a police or justice court in civil matters shall be effectual for any purpose whatever unless the appellant shall, at the time of filing the notice of appeal, pay in addition to the fee payable to the justice of the peace on appeal, the fees provided

3.   See 16 **Cal. Jur.** 835.

by law to be paid to the county clerk for filing the appeal and for placing the action on the calendar in the superior court. Upon transmitting the papers on appeal, the justice or judge shall transmit to the county clerk the sum thus deposited for filing the appeal in the superior court and for placing the action on the calendar. No notice of appeal shall be filed unless the fees herein provided for are paid in accordance with the provisions of this section.'' In the Redman case the defendant, in perfecting its appeal, complied with the requirements of section 981 and actually paid to the justice all of the fees referred to in said section. The justice transmitted to the county clerk the papers on appeal, but omitted to transmit therewith the sum deposited by appellant for filing the appeal and for placing the action on the calendar in the Superior Court. A few days later the justice died without having transmitted said moneys to the county clerk. For this reason the clerk omitted to file the papers, and placed them in a pigeonhole where the appellant was unable to locate them until the twenty-sixth day of October, 1923. On that day and on demand of the county clerk, the corporation again paid the fees payable to the county clerk. Thereupon said cause was entered by the clerk on the docket of the Superior Court.

The sole question presented by counsel for determination relates to the ruling of the Superior Court that said appeal was not perfected until October 26, 1923, and that for that reason the Superior Court was without jurisdiction of the cause. It should further be explained that, according to the allegations of the petition herein, the defendant brought the case to trial within less than one year from October 26, 1923, the date of filing of the appeal in the Superior Court; that on that day, on stipulation entered in the minutes of the court and at the special instance and request of the attorney for Redman, the cause was continued to January 15, 1925; that afterwards, on January 19, 1925, the court dismissed the appeal for want of jurisdiction of the cause, as hereinabove stated.

In another action wherein a similar question was presented for consideration this court said: ''Assuming, as claimed by petitioner, that the notice of appeal could not be deemed filed until payment of the fees in question was made, then, since it was left with the justice whose duty it was to file it

upon payment of the fees, it should be deemed filed as of the date on which the fees were paid, and since this was within the thirty days after the rendition of judgment, it would seem to be a sufficient compliance." (*Simmons* v. *Superior Court*, 30 Cal. App. 252 [157 Pac. 817].) **[1]** It is a recognized principle in court practice that where a party has done all that the law requires of him in any matter which is a part of the proceedings in an action, he should not be made to suffer by reason of the neglect of an officer of the court to perform an official duty in the completion of that particular proceeding in the action. **[2]** Therefore, we hold that when the Pacific States Corporation had paid into the hands of the justice all of the required fees in connection with its notice of appeal, and had given its sufficient undertaking on appeal, the appeal was thereby perfected so as to vest jurisdiction thereof in the Superior Court. This jurisdiction could not be lost by the mere failure of the justice to transmit the filing fees to the county clerk.

**[3]** It is a definitely settled rule that where a court has jurisdiction of a cause it should not be permitted by an arbitrary or erroneous order to divest itself of jurisdiction, but it should be compelled to proceed with the case to judgment. *Mandamus* is an appropriate remedy. (*Golden Gate Tile Co.* v. *Superior Court*, 159 Cal. 474 [114 Pac. 978].)

Let the peremptory writ issue.

Curtis, J., concurred.