[Civ. No. 5974. Third Appellate District.—January 20, 1938.]

WILLIAM J. CULLINAN, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

Courtney L. Moore for Petitioner.

U. S. Webb, Attorney-General, Ralph H. Cowing, Deputy Attorney-General, Everett A. Corten and Eldon B. Spofford for Respondents.

THOMPSON, J.—This is a petition for a writ of prohibition to restrain the Superior Court of Sacramento County from reviewing in a *mandamus* proceeding which is pending in that court the evidence and proceedings presented before the State Civil Service Commission which led to a decision of that board reinstating this petitioner in his position as a referee of the Industrial Accident Commission of California.

It is alleged in this petition that William J. Cullinan for a

period of time long prior to July 15, 1935, was employed under the Civil Service Act of California as referee of the Industrial Accident Commission at a salary of $285 per month; that on September 13, 1935, on the pretense that petitioner had violated the rules of the commission by remaining away on a leave of absence beyond the time authorized, the Industrial Accident Commission wrongfully attempted to discharge him from his position contrary to the provisions of the Civil Service Act, but that, upon petition and proceedings therefor duly had on April 16, 1937, before the State Personnel Board (substituted for the State Civil Service Commission by constitutional amendment which went into effect December, 1934), it reinstated the petitioner to his former position on the Industrial Accident Commission; that the order reinstating the petitioner became final and is not subject to review as provided by section 14 of the California Civil Service Act; that the petitioner subsequently presented himself to the Industrial Accident Commission to resume his work, but was prevented by the commission from doing so; that no part of his salary of $285 per month from and after July 15, 1935, has been paid, but is still due and owing; that petitioner thereafter, in July, 1937, filed in the Superior Court of Sacramento County a petition for a writ of *mandamus* against all of the defendants in this proceeding, except the superior court and the judge thereof, setting forth the preceding facts with respect to his employment and reinstatement with the Industrial Accident Commission, and its refusal to recognize his reinstatement by order of the State Personnel Board or to permit him to renew his employment, and praying for a writ of *mandamus* to compel his reinstatement and the payment of his salary. The petition in this proceeding further alleges that when the mandate proceeding came on for hearing in the Superior Court of Sacramento County, the trial judge thereof announced that it was his opinion the decision of the State Personnel Board, reinstating the petitioner "was not final" and that he proposed to "hear the entire petition for reinstatement *de novo* and to permit the respondents to introduce evidence" thereon. Thereupon, by consent, the *mandamus* proceeding was continued for hearing and this petition for a writ of prohibition was then filed in this court. To this petition the respondents have filed both a general demurrer and an answer.

The petitioner asserts that unless the trial court is restrained it will proceed to hear and review, in the *mandamus* proceedings, the evidence and proceedings before the State Personnel Board which led to his reinstatement, contrary to the provisions of section 14 of the Civil Service Act.

Section 14 of the California Civil Service Act (Stats. 1913, p. 1035, and amendments thereto; 1 Deering's Gen. Laws of 1931, p. 630, Act 1400) specifically authorizes the commission to discharge a civil service employee or restore him to his position for the causes and in the manner therein specified. It is provided that such decision "shall be final and not subject to review of any other tribunal".

That section provides in part:

"The tenure of every person holding a position under the provisions of this act shall be during good behavior, but any such person may be removed . . . or restored to his position . . . under a procedure in conformity with the provisions of this section which shall be set up by the commission in its rules and regulations, . . ."

After specifying the grounds for such action together with the manner of procedure including the hearings thereof, it is further provided:

"The decision must be rendered within a reasonable time after the completion of the trial and shall be entered upon the minutes of the commission. . . . *The decisions of the commission shall be final and not subject to review of any other tribunal.*"

The preceding language clearly denies the right of review by means of an appeal from the decision of the civil service commission regarding the removal or reinstatement of a civil service employee. ■ In passing upon the petitioner's application for reinstatement the State Personnel Board acts in a *quasi*-judicial capacity. If that board had jurisdiction of the parties and the subject-matter which were involved in the petition for reinstatement of the petitioner its decision in that regard became final and is not subject to review by means of *mandamus* or otherwise. In fact, it has been frequently held that the proceeding in *mandamus* may not serve as a writ of review under any circumstances. ■ It is an established rule that where a tribunal has jurisdiction of the parties and of the subject-matter it necessarily has the authority and discretion to decide the questions submitted

to it even though its determination is erroneous. (4 Cal. Jur. 1036, sec. 140.) This rule applies to *quasi*-judicial tribunals as well as to courts.

■ Since the Constitution is silent regarding the right of appeal from an order discharging or reinstating an employee under the Civil Service Act, the legislature has the absolute power to deny a right of appeal therefrom. The right of appeal is not inherent to a legal proceeding, but is dependent upon either constitutional or legislative approval. (2 Cal. Jur. 111, sec. 4; *Superior Wheeler Cake Corp.* v. *Superior Court,* 203 Cal. 384 [264 Pac. 488].)

■ We may not assume the superior court will disregard the statute above quoted and hear the petition for reinstatement *de novo* upon the application for a writ of *mandamus.* In so far as the board possessed a discretion to determine from the facts adduced that the petitioner was entitled to reinstatement, its decision is not reviewable. But if that board was without jurisdiction to make the order for the reason that there was no evidence or lawful proceedings upon which to base it, the order would be void and the superior court would lack authority to direct his reinstatement. Upon the petition for a writ of *mandamus* the court has a right to review the proceedings before the State Personnel Board to determine whether it had jurisdiction to reinstate the petitioner. For the purpose of determining whether the inferior tribunal had jurisdiction a court may examine a record or even receive evidence upon a petition for a writ of *mandamus.* It is said in 16 California Jurisprudence, page 815, section 31, in that regard:

"The question whether a board, . . . is acting without jurisdiction or in excess of jurisdiction cannot be finally settled and determined *by the board itself beyond the power of review* of such determination by a court."

The preceding declaration is supported by California authorities. The superior court, therefore, has a right to review the proceedings of the board which resulted in reinstating the petitioner for the purpose of ascertaining whether it had jurisdiction to make the order. In 38 Corpus Juris, page 703, section 287, it is said:

"But even where *mandamus* is considered a proper remedy for the enforcement of the provisions of these [civil service] statutes, the discretion of the officers or board in passing

on the qualifications of applicants *is not subject to review or control* by the courts, except in cases where it clearly appears that there has been an abuse of this discretion, or that the officer has acted in bad faith and with intent to evade the law."

Moreover, the *mandamus* proceeding was not confined to an effort to require the Industrial Accident Commission to recognize that order alone and to reinstate the petitioner. It also seeks to enforce the payment of his salary during the time he was absent from his employment.

The answer in this proceeding alleges that there is no money in the state treasury available from which to pay the back salary claimed by the petitioner. That raises a valid issue upon which we assume the superior court would have to receive evidence to determine whether the writ of *mandamus* should issue. The state controller is not permitted to draw a warrant for salaries upon an exhausted fund. (Sec. 433, subd. 17, Pol. Code; *Marshall* v. *Dunn,* 69 Cal. 223 [10 Pac. 399]; 38 C. J. 671, sec. 217.) Moreover, section 14a of the Civil Service Act specifically provides that when an employee has been laid off for a period of time he may not be compensated for time subsequent to the date of his suspension unless his claim is enforced by an action commenced within ninety days from the date thereof. That section reads in part:

"Any action brought against the appointing power or the Civil Service Commission by an employee laid off must be brought and served within one year, but in the event of such action said employee cannot be compensated for the time subsequent to the date of lay off unless such action is filed and served within ninety days from the date of lay off."

The question as to whether this petitioner was in fact laid off for a period of time before he was reinstated, or whether he is entitled to salary for the period of time during which he was not actually employed was not presented to the personnel board or determined by it. That issue was presented for the first time in the *mandamus* proceeding. Certainly that is an issue which must be determined by the superior court before a writ of *mandamus* may issue.

This application for a writ of prohibition to require the superior court to issue a writ of *mandamus* to compel

the Industrial Accident Commission to reinstate the petitioner and to require the state controller to draw his warrant for a specific sum in payment of his salary during the entire time he was not employed to some extent, at least, involves mere procedure of the trial court and the question of the competency of certain evidence upon that *mandamus* proceeding, and not the mere question as to whether the petitioner was properly reinstated by an order of the State Personnel Board whose exercise of discretion in that regard is not reviewable by the court. Mere errors or irregularity of procedure may not be corrected by means of the writ of prohibition. It is said in 50 Corpus Juris, page 676, section 43:

"Prohibition does not lie to correct or restrict errors or irregularities of a tribunal which is acting within its jurisdiction, although proceeding improperly in the exercise of that jurisdiction. The remedy cannot be used to supersede the ordinary functions of an appeal or writ of error, except as it may be permitted by statute. Where the inferior court or tribunal has jurisdiction of the person and the subject matter, prohibition does not lie to prevent an erroneous decision, or to prevent the enforcement of an erroneous judgment. Where the existence of jurisdiction depends on controverted facts which the inferior court or tribunal is competent to determine, prohibition does not lie, even though the lower tribunal may in such case err in its determination of the question."

In the case of *Wreden* v. *Superior Court,* 55 Cal. 504, it is said:

"The mere fact, if such were the fact, that a court is about to act erroneously or irregularly in a matter of which it has jurisdiction, will not warrant the issuance of a writ of prohibition. Such a writ cannot be used to prescribe what a court shall or shall not consider in a matter before it and within its jurisdiction, any more than a writ of mandate can be used to compel a court how or what to decide. To do either would be to interfere with the judicial functions of a court."

To the same effect is the text in 21 California Jurisprudence, page 600, section 10. This text is supported by the following decisions: *Van Hoosear* v. *Railroad Com.,* 189

Cal. 228, 235 [207 Pac. 903]; *Felton Water Co.* v. *Superior Court,* 82 Cal. App. 382, 389 [256 Pac. 255].

We may not assume from the trial judge's assertion that he would receive evidence in the *mandamus* proceeding and review the order reinstating the petitioner, that the superior court will exceed its jurisdiction or erroneously determine the questions which are presented therein.

The petition for a writ of prohibition is denied.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 16, 1938, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1938, and the following opinion then rendered therein:

THE COURT.—The petition for a hearing herein is denied.

The District Court of Appeal properly denied the petition for the writ of prohibition. But the declaration in its opinion that the state personnel board acts in a *quasi*-judicial capacity in passing upon an application for reinstatement should be expressly disapproved. (*Whitten* v. *California State Board of Optometry,* 8 Cal. (2d) 444 [65 Pac. (2d) 1296].) ■■■ Also it seems necessary to state that since the superior court has jurisdiction to entertain the proceeding in *mandamus* pending before it, that court has the power to decide all questions properly presented to it in such a proceeding, and any limitation placed on that power in the opinion and order denying the writ of prohibition was inappropriate.