[Civ. No. 11863.  Second Appellate District, Division Two.—July 21, 1938.]

THE TEXAS COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Charles C. Stanley, R. K. Barrows, J. A. Tucker and E. S. Williams for Petitioner.

J. H. O'Connor, County Counsel, Clock, McWhinney & Clock, J. E. Pawson, Robert M. Clarke, Lane & Lane and John W. Preston for Respondent.

WOOD, J.—Petitioner seeks a writ of mandate to compel the Superior Court to place upon its calendar and hear and determine the issues raised by its demurrer to the original complaint.

An action was commenced in the Superior Court on April 9, 1934, in which Barney Brown and more than 650 others are the plaintiffs and The Texas Company, petitioner herein, is the defendant. The plaintiffs, claiming to be tenants in common owning and holding certain interests in an oil lease of which the defendant is assignee, seek to recover of the defendant a large sum of money for failure to properly and diligently drill for oil. The action was filed by Raymond J. Kirkpatrick as attorney for the plaintiffs. On September 28, 1934, an order was made by the court by which Avery M. Blount was substituted as attorney of record in the place and stead of Raymond J. Kirkpatrick. The order recites that it was made on the motion of J. Perry Lucas who "appeared in person and as attorney in fact for the other plaintiffs". On September 29, 1934, a demurrer to the complaint was filed and set for hearing. It was taken off calendar on October 4, 1934, upon stipulation of Mr. Blount and the attorneys for the defendant. On May 16, 1938, the defendant served notice upon Mr. Blount as attorney for the plaintiffs that it would present a motion to the court on May 18, 1938, to restore to the calendar the demurrer which had been filed on September 29, 1934, stating as one of the grounds for the motion that the attorney for the plaintiffs had refused to stipulate for the restoration of the demurrer to the calendar. The motion was presented to the court and denied. In its petition in this court petitioner alleges: "No amendment to the said complaint filed April 9, 1934, and no amended complaint or other pleading superseding or taking the place of said complaint has ever been filed in said action by the plaintiffs, or any of them, or by any attorney or attorneys of record for the plaintiffs, or any of them." Upon this allegation we issued an alternative writ.

From the answer filed by the respondent court and from undisputed statements made by counsel upon the hearing before this court it appears that in June, 1936, Lane & Lane and J. E. Pawson were substituted as attorneys for the plaintiffs in the place and stead of Avery M. Blount. The substitution was signed by "J. Perry Lucas attorney in fact for

plaintiffs''. The written substitution bears the consent of Mr. Blount dated May, 1936, and the consent of Lane & Lane and Pawson dated June, 1936. The substitution was approved by order of the court made February 16, 1938, and filed on the day of its approval. It was further made to appear that J. Perry Lucas died during the year 1936 and that on May 16, 1938, one of the attorneys for the defendant requested Mr. Blount to stipulate that the demurrer filed September 29, 1934, be restored to the calendar and that Mr. Blount had refused to do so. A new plaintiff, Western Trust & Savings Bank, was brought into the action by order of the court, and on March 12, 1938, an amended complaint was filed bearing the signatures of Lane & Lane and Pawson but not the signature of Mr. Blount. The amended complaint was verified by E. D. Wilcox, one of the plaintiffs. Defendant filed a motion to strike the amended complaint, which came on for hearing on April 4, 1938, and was denied by the court on April 25, 1938. A demurrer to the amended complaint was filed before April 26, 1938. On April 29, 1938, a motion to dismiss the action for want of prosecution was filed and this motion was denied by the court on May 31, 1938.

Petitioner argues that the court could not recognize attorneys Lane & Lane and Pawson under the written substitution on file without the placing on record of a power of attorney in favor of Mr. Lucas, and that the death of Mr. Lucas before the written substitution was filed with the clerk made the substitution of no effect. Although counsel for respondent argue that neither of these propositions is tenable, they contend that, regardless of the questions concerning the correctness of the court's rulings in denying the motion to restore the demurrer to the calendar and the motion to strike the amended complaint, the remedy of petitioner is by appeal and that the facts before the court do not present a proper case for the issuance of a writ of mandate. In its answer respondent alleges that petitioner is estopped from obtaining a writ of mandate by its action in electing to file motions to dismiss the amended complaint and to dismiss the action for want of prosecution and by its action in filing a demurrer to the amended complaint prior to making a motion to have the demurrer to the original complaint heard and determined. The respondent further alleges that petitioner is guilty of

laches in that from October 3, 1934, to March 15, 1938, it did not request any attorney of record for the plaintiffs to restore the demurrer to the calendar. In its briefs on file herein respondent asserts that the motion to restore to the calender and the motion to dismiss the amended complaint were heard and considered by the lower court upon contradictory affidavits. Since the affidavits are not on file with this court they are not a part of the record before us and therefore may not be considered. We are satisfied, however, that, without the presentation of the affidavits, the undisputed facts compel a denial of the petition.

A writ of mandate may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office. (Code Civ. Proc., sec. 1085.) It is a general rule that a writ of mandate will not issue to compel action on the part of a judge unless it be shown that the duty to do the thing asked for is plain and unmixed with discretionary power or the exercise of judgment. (*Tomkin* v. *Harris,* 90 Cal. 201 [27 Pac. 202].) ''The writ of mandate cannot be used to correct the errors of a court in passing upon questions regularly submitted to it in the course of a judicial proceeding, or to control the exercise of its discretion.'' (*Strong* v. *Grant,* 99 Cal. 100 [33 Pac. 733].) In *Lewis* v. *Barclay,* 35 Cal. 213, the court was asked to issue a writ of mandate to compel the lower court to reinstate a case after an appeal from the justices' court had been dismissed. The court stated: *''Mandamus* lies to compel an inferior tribunal to perform a duty enjoined by law, if it refused to do so; but if the duty is judicial, the writ cannot prescribe what the decision of the inferior tribunal shall be. The duty to be performed by the respondent in this case was strictly judicial, and there was no refusal on his part to perform it. He may or may not have erred in the disposition of the case, but whether he did or did not, his action cannot be reviewed by *mandamus,* . . . '' A writ of mandate will issue to compel a court to act if it erroneously refuses to accept jurisdiction. It is the duty of the court to accept jurisdiction in matters properly coming before it and to decide the issues duly presented to the best of its ability, whether it be erroneously or correctly. Having done so, a higher court will not issue a writ of mandate to compel the lower

court to change its decision. (*Thomas* v. *Superior Court*, 4 Cal. App. (2d) 356 [41 Pac. (2d) 220].)

█ The respondent court accepted jurisdiction to pass upon the motion of petitioner to restore the demurrer to the original complaint to its calendar. In passing upon this motion, as also the motion to dismiss the amended complaint, the court acted within its jurisdiction. The court discharged its duty when it passed upon the motion. It was the duty of the court to determine whether the original complaint had been superseded by the amended complaint, whether there had been a valid substitution of attorneys, and whether petitioner was estopped from presenting its motion after the motion to dismiss and the demurrer to the amended complaint had been filed. In passing upon these matters respondent court made judicial determination of the issues of fact and law involved. A writ of mandate may not be used to determine whether its rulings in these matters were correct.

The alternative writ is dismissed and the peremptory writ denied.

Crail, P. J., and McComb, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1938.