[Civ. No. 7127. Third Dist. Jan. 20, 1945.]

EDWARD FRIEDLAND, Petitioner, v. SUPERIOR COURT
OF SACRAMENTO COUNTY et al., Respondents.

Eugene H. O'Donnell and Ralph Bancroft for Petitioner.

John Quincy Brown, District Attorney, and William A. Green, Assistant District Attorney, for Respondents.

ADAMS, P. J.—Petitioner, in a petition for writ of mandamus before this court, alleges that he is plaintiff in an action filed in the Superior Court of Sacramento County, against the State Board of Equalization and its members, in which action he "seeks a review by way of trial de novo under the provisions of sections 46 and 47 of the Alcoholic Beverage Control Act of the actions and decisions" of the board and its members under the authority of the aforesaid act; that said action is at issue and, pursuant to stipulation of the parties, came on regularly for trial on October 9, 1944; that the court refused to proceed to trial upon the ground that sections 46 and 47 of the act are unconstitutional and that it had no jurisdiction to pass upon and determine the issues in said action; that on the date set for trial, because the court refused to proceed therewith, petitioner asked for a continuance until October 21st, in order to grant him time to apply for a writ of mandate, which continuance was granted; that petitioner has no plain, speedy or adequate remedy at law, and unless the respondent court is commanded to proceed with the trial of said action will suffer great injury, to wit, that his business conducted on his premises will be ruined and he will suffer great financial loss, etc.

A copy of the complaint filed in the superior court is attached to the petition as an exhibit and made a part thereof, as is the answer thereto of the board and its members. The complaint is similar to that filed in *Jensky* v. *State Board of Equalization, ante,* p. 612 [155 P.2d 87], just decided by this court. It alleges that plaintiff was operating a place of business licensed to sell beer, wine and distilled spirits; that a complaint for revocation of plaintiff's license was issued charging plaintiff with violating sections 7, 10 and 53 of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, and amendments; Deering's Gen. Laws, 1937, Act 3796, hereinafter called the act) and rules 1, 2 and 27 of the board; that plaintiff was notified of a hearing to be had before a representative of the board which hearing was had; that the representative filed findings that there was sufficient evidence to support the charges, and recommended that plaintiff's license be revoked; that the board revoked said license; that (par. VIII) "said order has no support whatsoever under the evidence submitted to and received by said representative of said board"; that thereafter plaintiff filed

with the board a petition for a reconsideration of the cause, which was denied; that (par. XI) plaintiff has never committed any act which did or would constitute any ground or cause for the revocation of his license. The answer of defendants to the complaint admits the allegations thereof except those contained in paragraphs VIII and XI which are denied. It also alleges that at the hearing before the representative of the board evidence both oral and documentary was introduced proving that the allegations of the complaints filed against the licensee were true and that he was guilty of offenses in violation of sections 7, 10 and 53 of the act and of rules 1, 2 and 27 of the board; and that the action of defendant board in finding plaintiff guilty was not capricious or arbitrary, and was founded upon substantial evidence.

This court issued an alternative writ of mandate and in response thereto respondent demurred to the petition on the ground that same does not state facts sufficient to constitute a cause for the issuance of a writ of mandate, and also filed an answer in which it denied that it had refused to proceed with the trial of the action before it, alleged that it was willing and ready to hear same as a proceeding in mandamus, but was unwilling and declined to hear it as a trial de novo under the provisions of sections 46 and 47 of the act. It also denied that petitioner has no plain, speedy or adequate remedy in course of law.

A copy of the minutes of the court of October 9th continuing the trial to October 21st on stipulation of counsel, and a copy of the minutes of October 21st continuing it to October 28th, by stipulation of counsel, were attached to the answer to the petition as exhibits.

■ The first question for our determination is whether petitioner has presented to this court a case justifying resort to mandamus. In his points and authorities filed in support of his petition he contends that he has made out such a case, asserting that the decision of a court that it will not hear and determine a cause upon a mistaken position that it does not possess the requisite jurisdiction is equivalent to a refusal to exercise its jurisdiction, citing *Katenkamp* v. *Superior Court,* 16 Cal.2d 696 [108 P.2d 1], *Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 P. 978], *City of San Diego* v. *Andrews,* 195 Cal. 111 [231 P. 726], *Pacific States Corp.* v. *Superior Court,* 72 Cal.App. 241 [236 P. 938]. Respondent in its brief answers that it has not refused to act in the case,

that no evidence has been offered, and that the cause has been continued by stipulation for trial at a future date; that the court has informed counsel that it is willing to take evidence and hear the cause as a proceeding in mandamus; that mandate cannot be resorted to to prevent an anticipated error in the trial of an action but that such error, if any, can be corrected only on appeal.

It may be conceded at the outset, as held in the above cited cases relied upon by petitioner, that where a court has jurisdiction of a cause it may not be permitted by an arbitrary or erroneous order to divest itself of jurisdiction, but should be compelled to proceed with the case to judgment; and that mandamus is an appropriate remedy. But as respondent alleges that it has not refused to proceed with the trial of the action before it and that it is willing to proceed with same as a proceeding in mandamus, it has not divested itself of jurisdiction. These allegations must be deemed true, since this proceeding has been submitted to this court without the taking of evidence. (*Charles L. Donohoe Co.* v. *Superior Court,* 79 Cal.App. 41, 45 [248 P. 1007].) The situation presented, then, is not one where a court has refused to proceed to trial of the action, but rather one in which it has stated that it will proceed, but that it will proceed in a certain way. In this state of the case, does it then become the duty of this court, by writ of mandate, to compel the superior court to proceed to try the action in a particular way, that is, in this instance, "as a trial de novo" rather than as a proceeding in mandamus?

It is said in 16 California Jurisprudence, page 809, section 28, that mandamus may not be used to compel the exercise of official discretion in any particular manner; that it may only direct that an officer act, and must leave the matter as to what action he will take, to his discretion. (*Klevesahl* v. *Byington,* 1 Cal.App.2d 671, 677 [37 P.2d 179]; *Bank of Italy* v. *Johnson,* 200 Cal. 1, 31 [251 P. 784]; *Mosesian* v. *Parker,* 44 Cal.App.2d 544, 549 [112 P.2d 705].) It is generally true, also, that courts do not interfere with matters within the discretion of inferior tribunals (16 Cal.Jur., p. 820, § 34).

In *Cullinan* v. *Superior Court,* 24 Cal.App.2d 468 [75 P.2d 518], a situation somewhat analogous to that here presented was before this court. There a writ of prohibition was sought to restrain the superior court from trying de novo, in a man-

damus proceeding, a matter that had been before the State Personnel Board and in which proceeding that board had ordered the reinstatement of a civil service employee. It was alleged that the superior court had announced that it proposed to hear the matter de novo; but this court said, citing 50 Corpus Juris 676, that where a lower court has jurisdiction of the person and subject matter prohibition does not lie to prevent an erroneous decision; also, citing *Wreden* v. *Superior Court*, 55 Cal. 504, that the mere fact that a court is about to act erroneously or irregularly in a matter of which it has jurisdiction will not warrant the issuance of a writ of prohibition; that such writ cannot be used to prescribe what a court shall or shall not consider in a matter before it and within its jurisdiction "any more than a writ of mandate can be used to compel a court how or what to decide"; that to do either would be to interfere with the judicial functions of a court. It also said, "We may not assume from the trial judge's assertion that he would receive evidence in the mandamus proceeding, and review the order reinstating petitioner, that the superior court will exceed its jurisdiction or erroneously determine the questions which are presented therein."

In denying a hearing in that case the Supreme Court said that since the superior court had jurisdiction to entertain the proceeding it had the power to decide all questions properly presented to it in any such proceeding, and that any limitation placed on that power by the opinion and order denying the writ of prohibition was inappropriate.

In *Thomas* v. *Superior Court*, 4 Cal.App.2d 356 [41 P.2d 220], this court held that the writ of mandamus may not be employed to compel a court to decide in any particular way; that only when it refuses to accept jurisdiction or when it has wrongfully divested itself of jurisdiction is mandate a correct remedy, and then only to compel the further duty to act, and not to coerce as to the manner or result of the action.

In *Texas Co.* v. *Superior Court*, 27 Cal.App.2d 651 [81 P.2d 575], the court said that mandamus lies to compel an inferior tribunal to perform a duty enjoined by law, if it refuses to do so; but if the duty is judicial the writ cannot prescribe what the decision of the inferior tribunal shall be.

In *Lincoln* v. *Superior Court*, 22 Cal.2d 304 [139 P.2d 13], the court said that the mere belief on the part of a lower court in an erroneous proposition of law cannot oust a court of

jurisdiction, and does not establish a refusal to act; that by mandamus a court may be compelled to act jurisdictionally but may not be compelled to act correctly.

It is said in 35 American Jurisprudence 22, that the remedy by mandamus may be invoked to compel a court to entertain jurisdiction and proceed with the powers vested in it, but not to control or review the court's decision unless there has been an abuse of discretion; also, at page 29, that the writ will not issue to direct in what particular way the court shall proceed or shall decide a particular matter, especially where, in the regular course, the decision may be reviewed upon a writ of error or an appeal. (Also see *Hayward* v. *Superior Court,* 130 Cal.App. 607 [20 P.2d 348]; *Hilmer* v. *Superior Court,* 220 Cal. 71, 73 [29 P.2d 175].)

In the light of the principles above enunciated, we are of the opinion that petitioner is not entitled to the issuance of the writ. While he alleges in his petition that respondent refuses to proceed with the trial and to allow any testimony to be introduced in support of the allegations of plaintiff's complaint, upon the grounds that sections 46 (Stats. 1937, p. 2163) and 47 (Stats. 1935, p. 1146) of the Alcoholic Beverage Control Act are unconstitutional and that by reason of the unconstitutionality of said sections the said court claims that it has no jurisdiction to try, pass upon and determine the issues involved in said proceedings, the record before us fails to sustain such allegations, and shows, on the contrary, that respondent court is willing and ready to try such issues but in a certain way, to wit, as a proceeding in mandamus. It is obvious that that court has not refused to allow testimony to be introduced in support of the allegations of plaintiff's complaint, since the trial of those allegations has not been reached; and it is likewise obvious that said court has not held that it has no jurisdiction to try and determine the issues involved in said proceedings, for it is willing to proceed to try and to decide them as a proceeding in mandamus; and we cannot assume, in advance of a trial, that if they are so tried, and determined, plaintiff will not be afforded all the relief to which he is entitled under his pleading, or that the court will refuse the admission of competent evidence which is relevant and material to said issues; nor can we be called upon in this proceeding to determine what evidence is or will be admissible since such matters are primarily for determination of a trial court.

Nor do the allegations of petitioner's petition that the trial court has *stated* that the provisions of section 46, *supra,* violate constitutional mandates, necessitate a determination, in advance of *action* by said court in violation of the provisions of said section, that the section is constitutional. The purpose of the writ of mandamus is not to enforce abstract rights (16 Cal.Jur. 778), nor may it be invoked to forestall anticipated error. The trial court might change its mind. (*Lapique* v. *Superior Court,* 24 Cal.App. 313, 314 [141 P. 223].)

Furthermore, it does not appear that petitioner will not be afforded all the relief to which his complaint entitles him and for which he prays, if the trial court proceeds as in mandamus. The Supreme Court has held in recent decisions that in mandamus proceedings to review the decisions of statewide administrative agencies such as the State Board of Equalization, a petitioner is entitled to present independent evidence, and to have, in effect, a trial de novo. (*Drummey* v. *State Board of Funeral Directors,* 13 Cal.2d 75 [87 P.2d 848]; *Laisne* v. *California State Board of Optometry,* 19 Cal. 2d 831 [123 P.2d 457]; *Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790 [136 P.2d 304].)

In the Drummey and Laisne cases it is held that in a mandamus proceeding the superior court has the power to exercise an independent judgment on all of the material facts relative to the issue of whether petitioner has violated the statutes as charged before the board, and that in the exercise of such judgment it is not confined to the record before the board, as otherwise it would not be exercising an independent judgment; that in such proceeding the superior court has a right to hear independent evidence and hold, in effect, a trial de novo. And while in the Dare case the scope of such a hearing as is held proper in the Drummey and Laisne cases may be somewhat delimited, the right and duty of a trial court to hold, in effect, a trial de novo of the issues before it insofar as the taking of independent evidence is concerned, is reaffirmed.

In the case before us the trial court has evinced a willingness to hear the matter as a proceeding in mandamus; and if the foregoing decisions are followed, as we must assume they will be, the court, proceeding as in mandamus, can apparently afford petitioner all the relief he asks. The state-

ment of the superior court that it was *unwilling* to hear the matter as a trial de novo, is, first, not a refusal to do so, and second, is not inconsistent with a willingness to give plaintiff all the relief he prays if the mandamus hearing be governed by the Drummey, Laisne and Dare decisions. Furthermore, as is said in the Dare case, the term "de novo" has been accorded various meanings; and it is not clear, in the case before us, what meaning it is given by either the petitioner herein or by the respondent court. If the court, in asserting its unwillingness to try the case de novo, means that it will only review the decision of the board upon the record made before it, and will not admit independent evidence, and so rules in the course of the trial, such ruling will be subject to correction in a proper proceeding. But we cannot anticipate that such independent evidence will be offered, or, if offered, that the court will then refuse to hear it; also we cannot assume that if the court should refuse to admit such proffered evidence, it will do so solely because of unwillingness to try the case de novo, as the admissibility of such independent evidence, if offered, will depend upon many things— one in particular being whether it is relevant to any issues made by the pleadings. And in this connection it need only be pointed out that by his pleading plaintiff in the court below has pleaded no more than that the order of the board "has no support whatsoever under the evidence submitted to and received by said representative of said board." That issue, if it can be said to create one, calls for no trial de novo. Plaintiff has not, in that pleading, put in issue the truth or falsity of the charges against him filed with the board, nor even stated what they were. He does allege that he has never committed any act which did or would constitute any ground or cause for the revocation of his license; but such allegation is a mere conclusion, and does not put in issue, for trial by the superior court, whatever charges were made against him before the board.

 The scope of a hearing on mandamus as defined by the Supreme Court in the foregoing cases is consonant with that provided in section 46, *supra,* which says that the action shall be for a *review* of the ruling, order, decision or other official action of the board; that such court shall review all records on file with the board, and the transcript of the evidence taken before the board if furnished by it, and that it shall take such additional relevant and competent evidence

as said court may require or as may be submitted by the board or the person filing such petition for review, and shall then render judgment *affirming, reversing or modifying the action of the board*. Therefore, it appears that on the trial of petitioner's case in the superior court, whether the court denominates its procedure as in mandamus or as a trial de novo, the practical result will be the same.

We do not purport by what we have said to render an opinion one way or another as to whether, in view of the provisions of article XX, section 22, of the Constitution, the enactment of section 46, *supra,* was within the power of the Legislature, as a determination of that question we believe is not necessary to a decision in the matter before us. A petitioner is not entitled to a writ of mandamus as matter of right. (*Sipper* v. *Urban,* 22 Cal.2d 138, 140 [137 P.2d 425].) The granting of same is discretionary, and it will be granted only when necessary to protect a substantial right and only when it is shown that some substantial damage will be suffered by petitioner if the writ is denied. (*Ault* v. *Council of City of San Rafael,* 17 Cal.2d 415, 417 [110 P.2d 379].) And in this connection attention is directed to the decision of this court in *Hansen* v. *State Board of Equalization,* 43 Cal.App.2d 176 [110 P.2d 453], and to cases cited therein holding that there is no inherent right in a citizen to sell intoxicants. Also see *McDonough* v. *Goodcell,* 13 Cal.2d 741 [91 P.2d 1035], holding that the bail bond business is one subject to reasonable regulation under the police power and that the enactment of regulations thereof results in no deprivation of property without due process of law.

If the superior court, as it alleges it is willing to do, proceeds to try petitioner's action, and, in the course of such trial, commits such errors as are anticipated by petitioner, that is, denies to him rights which he deems to have been granted by the Legislature in the enactment of section 46, *supra,* such errors can be reviewed on appeal. Mandamus is never granted to compel the performance of an act until there has been an actual as distinguished from an anticipated refusal. (*George* v. *Beaty,* 85 Cal.App. 525, 531 [260 P. 386].) As hereinbefore stated, we cannot, in this proceeding, anticipate errors, and preclude the court from committing them.

Under section 1086 of the Code of Civil Procedure

the writ of mandamus will issue only when there is not a plain, speedy and adequate remedy in the ordinary course of law. (*City of San Diego* v. *Andrews,* 195 Cal. 111, 120 [231 P. 726].) . Where judicial action can be reviewed and corrected by appeal, a writ of mandamus will not ordinarily lie. (*Snyder* v. *Superior Court,* 24 Cal.App.2d 263, 271 [74 P.2d 782].)

The writ is denied.

Thompson, J., and Peek, J., concurred.

A petition for a rehearing was denied February 15, 1945, and petitioner's application for a hearing by the Supreme Court was denied March 19, 1945.